[Crim. No. 14322.   Second Dist., Div. One.   Dec. 18, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. ARTHUR DOCTOR, Defendant and Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, and Gerald Friedman for Plaintiff and Appellant.

Darling, Mack, Hall & Call and Thomas F. Call for Defendant and Respondent.

THE COURT—Defendant was charged in an amended complaint filed April 26, 1967, in the Municipal Court of the San Antonio Judicial District with a violation of section 3710.2 of the Labor Code on March 13, 1965.[1]

[1]The original complaint was filed September 20, 1966.

The amended complaint alleges that on that day defendant "being then and there an employer subject to liability for the payment of workmen's compensation to persons employed by him, did wilfully and unlawfully fail, neglect, and refuse to secure the payment of workmen's compensation insurance to a person employed by him; namely, TROY M. McDANIEL, as required by Division IV of said California Labor Code. The fact of said failure, neglect, and refusal on the part of said defendant to secure the payment of such compensation having been discovered by the Director of Industrial Relations on February 17, 1966 and not prior thereto."

On May 18, 1967, the trial court granted defendant's motion to dismiss "upon the grounds of insufficiency of amended complaint," whereupon the People appealed.

On October 26, 1967, the appellate department of the superior court filed a memorandum opinion and judgment by which it modified the order dismissing the complaint to permit the People to file a further amended complaint conforming to the views set forth in its opinion. It certified the appeal to this court to settle a new and important question of law. We ordered the appeal transferred pursuant to rule 63 of the California Rules of Court.

The order certifying the appeal states the question as follows: "Labor Code § 3710.2 relevant to this case provides in part: 'Failure to secure the payment of compensation under this article is a misdemeanor. . . . In any prosecution brought under . . . Sections . . . 3710.2 the statute of limitations shall not commence to run until the discovery by the director or his designated agents of the failure to secure the payment of compensation. . . .' When the accusatory pleading is filed more than one year (the normal statutory limitations period for misdemeanors) after commission of the offense, must the accusatory pleading set forth not only the date of discovery but also facts showing why in the exercise of due diligence the offense could not have been earlier discovered?" The appellate department held that such facts must be so pleaded.

In our opinion the decision of the appellate department is correct for the reasons stated in the opinion of Presiding Judge Aiso in which Judges Meyer and Whyte concurred. We accordingly adopt that opinion as our own. It reads as follows:

"The People appeal from a pretrial order dismissing their

amended complaint following defendant's motion[2] that it was insufficient to charge a violation of Labor Code § 3710.2, a misdemeanor. Section 3710.2 provides, *inter alia,* 'the statute of limitations shall not commence to run until the discovery . . . of the failure to secure the payment of compensation. . . .'[3] Penal Code § 801 requires a complaint charging a misdemeanor to be filed within one year after commission of the offense.[4]

"The original complaint by William D. Trussa, Deputy Labor Commissioner, executed on September 20, 1966, and filed the same date, charged defendant Doctor with a failure to secure compensation in violation of Labor Code § 3710.2 on or about March 23, 1965, which is more than 18 months prior to the date of filing. No date of discovery of the violation was pleaded. Certain collateral proceedings led to the filing of the amended complaint.[5] The amended complaint (undated) filed April 26, 1967, again charged defendant Doctor with a violation on or about March 23, 1965, and additionally averred that the violation was discovered 'on February 17, 1966 and not prior thereto.' Defendant moved for dismissal of the complaint upon grounds of insufficiency and the motion was granted.

"As we view the appeal, the serious question posed is whether when the violation is alleged to have been committed more than a full year prior to the filing of the complaint, in addition to alleging the date of discovery the People must further allege that in the exercise of reasonable or due diligence the violation could not have been earlier discovered.

''[2]It would have been preferable for a written demurrer under Penal Code § 1004, subd. 1 or 5, to have been interposed, but in view of Penal Code § 1012 and cases holding that a defendant can raise a jurisdictional issue, including a statute of limitations problem, at any time (*People* v. *McGee* (1934) 1 Cal.2d 611 [36 P.2d 378]; Witkin, Calif. Crim. Proc. (1963) pp. 619-620), we treat the words 'insufficiency of amended complaint' in the May 18, 1967, order of dismissal to mean failure to state an offense, and that the issue was properly raised by an oral motion to dismiss.

''[3]Labor Code § 3710.2 relevant to this appeal reads in part: 'Failure to secure the payment of compensation under this article is a misdemeanor. . . . In any prosecution brought under the provisions of Sections 3710 to 3710.2 the statute of limitations shall not commence to run until the discovery by the director or his designated agents of the failure to secure the payment of compensation. . . .'

''[4]Penal Code § 801: 'An indictment for any misdemeanor must be found or an information or complaint filed within one year after its commission.'

''[5]It is believed unnecessary to detail this collateral proceeding as it does not now affect the issues raised on this appeal.

"The People assert that such an allegation is not required. They further ask that if the ruling be adverse that they be granted the opportunity of filing a further amended complaint.

"Respondent (defendant) claims that Labor Code § 3710.2 is unconstitutional (a) in permitting an imprisonment for a debt, (b) setting up a special statute of limitations rule, and (c) in permitting the '[d]irector to determine in his sole discretion when the statute of limitations commences to run.'

"We have concluded that grounds (a) and (b) urged by respondent lack merit, but that the People should plead and prove that in the exercise of due diligence the violation could not have been discovered at an earlier date.

"The gist of the offense charged under § 3710.2 is the 'failure to secure payment of compensation' as required by statute, not the failure to pay an indebtedness. (*People* v. *Barker* (1938) 29 Cal.App.2d Supp. 766, 769 [77 P.2d 371].) Failure to make payments in the context of workmen's compensation statutes has been held to constitute a 'case of fraud' falling without the constitutional prohibition against imprisonment for a debt. (See, e.g., *In re Trombley* (1948) 31 Cal.2d 801, 810 [193 P.2d 734]; *People* v. *Neal C. Oester, Inc.* (1957) 154 Cal.App.2d Supp. 888 [316 P.2d 784].) It is too late in the day to unsettle such rulings. Furthermore, there are peculiar circumstances present justifying the Legislature's finding it necessary to make a special provision for the commencement of the statute of limitations for offenses occurring under Labor Code §§ 3700 to 3710.2. (See *People* v. *Barker* (1938) *supra,* 29 Cal.App.2d Supp. 766, 773-774.)

"In contrast to provisions such as Vehicle Code § 40000,[6] Labor Code § 3710.2 does not provide a specific final cut-off date when all prosecutions become barred. In *Klopfer*

---

[6]Veh. C. § 40000: '(b) The period for commencing criminal action against any person having filed or caused to be filed any false, fictitious, altered, forged or counterfeit document with the Department of Motor Vehicles or the Department of the California Highway Patrol shall, if the offense is a misdemeanor, expire one year from time of discovery of such act.

'(c) The period for commencing criminal action against any person having filed or caused to be filed any false, fictitious, altered, forged or counterfeit document with the Department of Motor Vehicles or the Department of the California Highway Patrol shall, if the offense is a felony, expire three years from time of discovery of such act.

'(d) The time allowed for commencing criminal proceedings as provided in paragraphs (b) and (c) of this section shall not extend beyond five years from the date of commission of the act.'

v. *North Carolina* (1967) 386 U.S. 213 [18 L.Ed.2d 1, 87 S.Ct. 988], the United States Supreme Court struck down, as violating the speedy trial and due process clauses[7] of the federal Constitution, a statute which in effect gave the prosecutor an indefinite period of time to re-institute a prosecution of a misdemeanor. While Labor Code § 3710.2 relates to the time period for commencing an action and not to reinstating a misdemeanor prosecution, nevertheless the distinction does not, in our opinion, render inapplicable the constitutional principles applied in *Klopfer*. Absent a specific cut-off date, § 3710.2 should be construed together with the constitutional provisions safeguarding the defendant's rights. (*People* v. *Globe Grain & Mill Co.* (1930) 211 Cal. 121, 127 [294 P. 3]; *Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 60-61 [195 P.2d 1].) A construction of the phrase 'the statute of limitations shall not commence to run until the discovery by the director or his designated agents' which would permit the Director of Industrial Relations or his agents to hold an indefinite threat of criminal prosecution over an employer, would run afoul of the principles enunciated in *Klopfer*.

██ "In this connection, we remind ourselves that the bar of the statute of limitations in a criminal action is a matter going to jurisdiction rather than merely to remedy. (*People* v. *McGee* (1934) *supra*, 1 Cal.2d 611, 613; *In re Davis* (1936) 13 Cal.App.2d 109, 111 [56 P.2d 302]; 1 Witkin, Calif. Crimes (1963), p. 224.) ██ '[A] prosecution within the statutory period specified is an essential element of the offense.' (*People* v. *Geibel* (1949) 93 Cal.App.2d 147, 167 [208 P.2d 743].) A complaint which discloses a bar of the statute of limitations on its face fails to state a public offense. (*People* v. *Rehman* (1964) 62 Cal.2d 135, 139 [41 Cal.Rptr. 457, 396 P.2d 913]; *People* v. *Holtzendorff* (1960) 177 Cal.App.2d 788, 792 [2 Cal.Rptr. 676].) ██ It is incumbent upon the prosecution to plead (see Witkin, Calif. Crim. Proc. (1963), p. 192 and cases there cited) and prove facts which prevent the statute of

---

"[7]Chief Justice Warren speaking for the court stated: 'By indefinitely prolonging this oppression [reinstatement of prosecution], as well as the "anxiety and concern accompanying public accusation," the criminal procedure . . . clearly denies the petitioner the right to a speedy trial which we hold is guaranteed to him by the Sixth Amendment of the Constitution of the United States.' (*Klopfer* v. *North Carolina* (1967) *supra*, 386 U.S. 213, 222 [18 L.ed.2d 1, 7].)

"Harlan, J., concurring at p. 227 of U.S. [at p. 10 of L.ed.2d]: '[T]o put a person under the cloud of an unliquidated criminal charge for an indeterminate period, violates the requirement of fundamental fairness assured by the Due Process Clause of the Fourteenth Amendment.'

limitations from being a bar (see 1 Witkin, Calif. Crimes (1963), pp. 225-226 and cases there cited).

"As noted earlier, violations of workmen's compensation laws have been equated to a 'case of fraud.' Code of Civ. Proc. § 338, subd. 4, governing the period of limitations for civil fraud actions, provides, 'The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.' '[T]he courts have read into the statute [Code Civ. Proc. § 338, subd. 4] a duty to exercise diligence to discover the facts. The rule is that the plaintiff must *plead and prove the facts* showing: (a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when he did actually discover the fraud or mistake.' (*Weir* v. *Snow* (1962) 210 Cal.App.2d 283, 292 [26 Cal.Rptr. 868].) (Accord: *Woodring* v. *Basso* (1961) 195 Cal.App.2d 459, 466-467 [15 Cal.Rptr. 805]; *Helfer* v. *Hubert* (1962) 208 Cal.App.2d 22, 26-27 [24 Cal.Rptr. 900].)[8]

■ "To comport with the constitutional guarantees of speedy trial and due process enunciated in *Klopfer* v. *North Carolina* (1967) *supra*, 386 U.S. 213 [18 L.Ed.2d 1], a duty to exercise due diligence in discovering the violation should be read into Labor Code § 3710.2, just as the courts have done to Code of Civ. Proc. § 338, subd. 4. This enjoins on law enforcement agencies nothing more than a regular performance of their duties.

"Absent a statutory exception, enforcement agencies are required to exercise diligence in discovering the crime within a period calculated from the date of commission even where facts are not so readily discoverable by a third person. (See, *e.g.*, *People* v. *Kinard* (1910) 14 Cal.App. 283 [111 P. 504] (embezzlement); *People* v. *Geibel* (1949) *supra*, 93 Cal.App. 2d 147, 167 (forgery); *People* v. *Darling* (1964) 230 Cal.App. 2d 615 [41 Cal.Rptr. 219] (obtaining public monies under false pretenses [fraud]); *State* v. *Weiler* (1960) Sup. Ct. of

---

"8Cf. *People* v. *Shorts* (1948) 32 Cal.2d 502, 513 [197 P.2d 330]. Of diligence in discovering facts required of a convicted defendant seeking to set aside a judgment of conviction, the California Supreme Court there said: '[T]he showing of diligence essential to the granting of relief by way of *coram nobis* should be no less than the similar showing required in civil cases where relief is sought against lately discovered fraud. In such cases it is necessary to aver not only the probative facts upon which the basic claim rests, but also the time and circumstances under which the facts were discovered, in order that the court can determine as a matter of law whether the litigant proceeded with due diligence. . . . '

112

Mo., Div. 1, 338 S.W.2d 878, 881 [fraud].) Even where there is a statute providing that concealment of a crime shall operate to toll the statute of limitations, it has been held that nondisclosure as opposed to active concealment fails to cause a tolling. (*State* v. *Watson* (1937) 145 Kan. 792 [67 P.2d 515, 110 A.L.R. 998, 1000].) Difficulties in discovering violations may justify the statutory exception, but they do not excuse the exercise of reasonable or due diligence on the part of law enforcement officers to discover the violations.

"We therefore hold that to state an offense under Labor Code § 3710.2 for a failure to secure payment of compensation occurring more than one full year prior to the filing of the complaint, the accusatory pleading must not only allege the date of discovery of the violation but further allege facts why the violation could not have been earlier discovered in the exercise of reasonable or due diligence. The People have represented in their brief that they are able to plead and prove an exercise of due diligence; the interests of justice dictate their being given an opportunity to do so."

For the reasons stated in the foregoing opinion the order dismissing the amended complaint is reversed with directions to the trial court to permit the People to file a further amended complaint conforming to the views herein set forth.