Opinion
 

 PHELAN, P. J.
 

 The People appeal from an order by which the Lake County Superior Court denied their motion to reinstate the first amended complaint filed against respondent Ronald Stacy Bunn (Bunn). (Pen. Code, § 1238, subd. (a)(9).)
 
 [1]
 
 That complaint, filed March 3, 1995, contained 5 counts of forcible rape of a person under the age of 18 (§ 261, subd. (a)(2)), and 1 count of oral copulation with a person under the age of 18 (§ 288a, subd. (b)(1)), based on allegations that Bunn sexually molested his daughter during a 6-month period in 1981, when she was 15 and 16 years old.
 
 [2]
 
 The motion to reinstate the complaint was denied on June 13, 1995, under the authority of
 
 Lynch
 
 v.
 
 Superior Court
 
 (1995) 33 Cal.App.4th 1223 [39 Cal.Rptr.2d 414]
 
 (Lynch),
 
 a case in which a similar complaint was barred by the previously applicable statute of limitations, and the court held that any attempt to revive it pursuant to section 803, subdivision (g), would violate both section 805.5, subdivision (c)(1), and the ex post facto clauses of the
 
 *230
 
 state and federal Constitutions (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9).
 
 [3]
 
 We affirm.
 

 I. Factual and Procedural Background
 

 The specific allegations of the underlying complaint are irrelevant to the issues presented on appeal. Suffice it to say the complaint, as amended on March 3, 1995, alleges at least five specific instances of forcible sexual intercourse and one specific instance of forcible oral copulation between February and August 1981. The amended complaint further alleges that, pursuant to section 803, subdivision (g) (hereinafter, section 803(g)), it was filed within one year after the victim filed a report with a law enforcement agency describing “substantial sexual conduct while the victim was under the age of 18” in violation of sections 261, subdivision (a)(2), and 288a, subdivision (b)(1).
 
 [4]
 

 II. Discussion
 

 The California Courts of Appeal have been grappling with the issues presented in this appeal since early 1995, when the Second District decided
 
 Lynch, supra,
 
 33 Cal.App.4th 1223. Although review was denied in that case, the California Supreme Court has pending before it five previously published decisions (and numerous unpublished ones) which reach varying conclusions on the questions whether section 803(g) was intended to apply to molestation cases in which the statute of limitations expired before January 1, 1994, the effective date of section 803(g)), and whether such a retroactive application of the statute violates the ex post facto clause of the state and federal Constitutions.
 

 In the unpublished portion of the opinion, we conclude there was at the time of its enactment no clear expression of legislative intent that section
 
 *231
 
 803(g) would apply to revive charges—such as the ones in this case—as to which the statute of limitations expired before January 1, 1994. However, while there is a serious question whether it may be construed to apply to subsequently enacted extensions of criminal statutes of limitation, section 805.5 on its face clearly states that chapter 2 of title 3 of part 2 of the Penal Code, a chapter which includes section 803(g), applies to crimes such as those alleged in the first amended complaint—i.e., crimes committed before January 1, 1985, but as to which the statute of limitations had not run as of January 1, 1985.
 

 In the published portion of the opinion, we address the People’s claim that recently enacted amendments to section 803(g) make unmistakably clear the Legislature’s intent to authorize prosecution of specified crimes committed before 1988, as to which the statute of limitations had run as of January 1, 1994, including those alleged in this case. We agree with the People that the filing of a proper complaint under new section 803(g)(3)(B)(ii) on or before June 30, 1997, will revive the charges in this case. However, we further conclude that, if either the original version of section 803(g) or the 1996 amendments to that section are construed to have such retrospective application, it would violate the ex post facto clause of the state and federal Constitutions.
 

 A., B.
 
 *
 

 C.
 
 Recent Amendments to Section 803(g) May Render Moot the Statutory Interpretation Issues Presented in This Appeal.
 

 In their reply brief, the People argue for the first time that recent amendments to section 803(g) render moot the statutory interpretation issues presented in this appeal. They contend that, in response to the court decisions on the issue, the Legislature has now made patently clear its intent that section 803(g) will apply to prior acts of child molestation that meet the criteria of that section, without regard to the expiration of the previously applicable limitations period. Specifically, in 1996 the Legislature enacted and the Governor signed Assembly Bill No. 2014, which amends section 803(g) to read as follows: “(1) Notwithstanding any other limitation of time described in this chapter, a criminal complaint may be filed within one year of the date of a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5. (2)
 
 *232
 
 This subdivision applies only if both of the following occur: ['JO (A) The limitation period specified in Section 800 or 801 has expired. ['JO (B) The crime involved substantial sexual conduct, as described in subdivision (b) of Section 1203.066, excluding masturbation that is not mutual, and there is independent evidence that clearly and convincingly corroborates the victim’s allegation. No evidence may be used to corroborate the victim’s allegation that otherwise would be inadmissible during trial. Independent evidence does not include the opinions of mental health professionals. [‘JO (3)(A) Effective July 1, 1997, this subdivision applies to a cause of action arising
 
 before, on, or after
 
 January 1, 1994, the effective date of this subdivision, and if the complaint is filed within the time period specified in this subdivision, it shall
 
 revive
 
 any cause of action barred by Section 800 or 801. [U (B) Effective January 1, 1997, through June 30, 1997, this subdivision applies to a cause of action arising
 
 before, on, or after
 
 January 1, 1994, the effective date of this subdivision, and it shall
 
 revive
 
 any cause of action barred by Section 800 or 801 if either of the following occurs: ['JO (i) The complaint is filed within the time period specified in this subdivision. ['JO (ii) The victim made the report required by this subdivision to a law enforcement agency between January 1, 1994, and January 1, 1997, and a complaint was not filed within the time period specified in this subdivision or was filed within the time period but was dismissed, but a complaint is filed or refiled on or before June 30, 1997.” (Stats. 1996, ch. 130, § 1, italics added.)
 

 The People contend that, once Assembly Bill No. 2014 became effective on January 1, 1997, retroactive application of section 803(g) to Bunn’s conduct in 1981, as provided by subdivision (g)(3)(B)(ii), is clearly authorized and, indeed, “inevitable.” Thus, they claim there is really no live controversy about the statutory interpretation issues presented by this appeal. That may well be true. But even if we were inclined to make a prospective finding of mootness on the statutory interpretation issues, we would still have to decide whether retroactive application of the enlarged statute of limitations of section 803(g) to revive 15-year-old child molestation charges against Bunn would run afoul of the ex post facto clause. We turn now to that issue.
 

 D.
 
 Prosecution of Bunn on Charges of Child Molestation That Arose in 1981, and as to Which the Statute of Limitations Expired in 1987, is Barred by the Ex Post Facto Clause of the State and Federal Constitutions.
 

 The United States Supreme Court has recently described the federal constitutional prohibition against ex post facto laws, as follows: “ ‘It is
 
 *233
 
 settled, by decisions of this Court so well known that their citation may be dispensed with that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime after its commission, or
 
 which deprives one charged with crime of any defense available according to law at the time when the act was committed,
 
 is prohibited as
 
 ex post facto.'
 
 ”
 
 (Collins
 
 v.
 
 Youngblood
 
 (1990) 497 U.S. 37, 42 [110 S.Ct. 2715, 2719, 111 L.Ed.2d 30]
 
 (Youngblood),
 
 italics added, quoting
 
 Beazell
 
 v.
 
 Ohio
 
 (1925) 269 U.S. 167, 169-170 [46 S.Ct. 68, 68-69, 70 L.Ed. 216]
 
 (Beazell).)
 
 As we have already noted, our Supreme Court has held that ex post facto claims under the state Constitution are to be “analyzed identically.”
 
 (People
 
 v.
 
 McVickers, supra, 4
 
 Cal.4th 81 at p. 84.)
 

 The parties argue that the application of section 803(g) to Bunn would violate the ex post facto clause only if it falls within the third aspect of the
 
 Youngblood
 
 rule. Thus, the central question presented is whether section 803(g) operates here to deprive Bunn of a defense that was available to him according to law at the time the acts described in the complaint were committed. We agree with Bunn that is precisely how section 803(g) operates in this case.
 

 A number of California cases have held that the statute of limitations is “an essential element of the offense.”
 
 (People
 
 v.
 
 Gordon
 
 (1985) 165 Cal.App.3d 839, 852 [212 Cal.Rptr. 174];
 
 People
 
 v.
 
 Doctor
 
 (1967) 257 Cal.App.2d 105, 110 [64 Cal.Rptr. 608];
 
 People
 
 v.
 
 Geibel
 
 (1949) 93 Cal.App.2d 147, 167 [208 P.2d 743];
 
 People
 
 v.
 
 Allen
 
 (1941) 47 Cal.App.2d 735, 748 [118 P.2d 927]; but cf.
 
 People
 
 v.
 
 Morgan
 
 (1977) 75 Cal.App.3d 32, 40 [141 Cal.Rptr. 863].)
 

 The holding of these cases flows, at least in part, from the proposition that it is a “jurisdictional” prerequisite to prosecution that a complaint be filed within the applicable limitations period.
 
 (People
 
 v.
 
 McGee
 
 (1934) 1 Cal.2d 611, 613 [36 P.2d 378]; see also
 
 People
 
 v.
 
 Chadd
 
 (1981) 28 Cal.3d 739, 756-757 [170 Cal.Rptr. 798, 621 P.2d 837];
 
 People
 
 v.
 
 Zamora
 
 (1976) 18 Cal.3d 538, 564, fn. 25 [134 Cal.Rptr. 784, 557 P.2d 75].) However, in
 
 Cowan
 
 v.
 
 Superior Court
 
 (1996) 14 Cal.4th 367 [58 Cal.Rptr.2d 458, 926 P.2d 438]
 
 (Cowan),
 
 the court overruled “the language of
 
 [McGee],
 
 and its progeny, to the extent it suggests a court lacks fundamental subject matter jurisdiction over a time-barred criminal action.”
 
 (Cowan, supra,
 
 p. 374.) Although
 
 Cowan
 
 rejects the notion that an expired statute of limitations is a jurisdictional bar to prosecution, the precise role and nature of the criminal statute of limitations is somewhat ill-defined after that case.
 

 After
 
 Cowan,
 
 it may be useful to think of a statute of limitations as conferring upon the criminal defendant a substantive statutory right
 
 (People
 
 
 *234
 
 v.
 
 Zamora, supra,
 
 18 Cal.3d at pp. 563-564), which ripens into a type of “immunity” upon expiration of the limitations period (see
 
 People
 
 v.
 
 Hoffman
 
 (1933) 132 Cal.App. 60, 63 [22 P.2d 229];
 
 State
 
 v.
 
 Cookman
 
 (1996) 324 Or. 19 [920 P.2d 1086, 1093-1094]; cf. § 1324), and which may be waived by the defendant at any time
 
 (Cowan, supra,
 
 14 Cal.4th at pp. 372-373 [requiring express waiver of rights under the statute of limitations, after advisement, where defendant wishes to plead guilty to a time-barred lesser included or related offense]), or asserted as a “legal bar to prosecution” by the defendant on demurrer (§ 1004, subd. 5;
 
 People
 
 v.
 
 Crosby
 
 (1962) 58 Cal.2d 713, 724 [25 Cal.Rptr. 847, 375 P.2d 839];
 
 People
 
 v.
 
 Ayhens
 
 (1890) 85 Cal. 86, 89 [24 P. 635];
 
 People
 
 v.
 
 Miller
 
 (1859) 12 Cal. 291, 294-295 [where offense is subject to limitation, allegation that offense occurred within applicable statute of limitations must be stated in indictment as a “fact material to the offense"; prima facie, the lapse of time is a good defense]), or in a pretrial hearing
 
 (People
 
 v.
 
 Zamora, supra,
 
 18 Cal.3d at p. 563-564 & fn. 25 [trial court has discretion to order evidentiary hearing on issue of statute of limitations]), or at trial as a “matter of defense”
 
 (Ex Parte Blake
 
 (1909) 155 Cal. 586, 587 [102 P. 269];
 
 People
 
 v.
 
 Zamora, supra,
 
 18 Cal.3d at p. 564, fn. 25; see also
 
 People
 
 v.
 
 Miller, supra,
 
 12 Cal. at pp. 294-295;
 
 Biddinger
 
 v.
 
 Commissioner of Police
 
 (1917) 245 U.S. 128, 135 [38 S.Ct. 41, 43, 62 L.Ed. 193] [“The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases . . . .”]). Moreover, although the statute of limitations is not strictly jurisdictional
 
 (Cowan, supra,
 
 14 Cal.4th at p. 374), or an “element of the offense” in the sense that it defines the actus reus or the mens rea which characterizes the crime, the People nevertheless must plead and prove that the prosecution was commenced within the statutorily prescribed time period.
 
 (In re Demillo
 
 (1975) 14 Cal.3d 598, 601-602 [121 Cal.Rptr. 725, 535 P.2d 1181];
 
 People
 
 v.
 
 Zamora, supra,
 
 18 Cal.3d at p. 564, fn. 25;
 
 People
 
 v.
 
 McGee, supra,
 
 1 Cal.2d at pp. 612-613, disapproved on other grounds,
 
 Cowan, supra,
 
 14 Cal.4th at p. 374;
 
 People
 
 v.
 
 Crosby, supra,
 
 58 Cal.2d at pp. 724-725; see also
 
 Grunewald
 
 v.
 
 United States
 
 (1957) 353 U.S. 391, 396 [77 S.Ct. 963, 969-970, 1 L.Ed.2d 931, 62 A.L.R.2d 1344] [in prosecution for conspiracy to defraud the government, government bore burden of proving conspiracy still subsisted within the three years prior to the return of the indictment, and that at least one overt act in furtherance of the conspiratorial agreement was performed within that period];
 
 United States
 
 v.
 
 Hankin
 
 (3d Cir. 1979) 607 F.2d 611, 612; cf.
 
 Kastigar
 
 v.
 
 United States
 
 (1972) 406 U.S. 441, 460-462 [92 S.Ct. 1653, 1664-1666, 32 L.Ed.2d 212] [government bears the burden of proving prosecution may proceed in face of claim of statutory or constitutional “immunity”]; but see
 
 Cowan, supra,
 
 14 Cal.4th at pp. 387-389 (cone, and dis. opn. of Brown, J.) [bar of statute of limitations should be affirmative defense], and cases cited therein;
 
 State
 
 v.
 
 Figueroa
 
 (1995) 235 Conn. 145
 
 *235
 
 [665 A.2d 63, 82-83] [the statute of limitations is an affirmative defense; consequently, burden is on the defendant to prove the elements of the defense by a preponderance of the evidence];
 
 United States
 
 v.
 
 Karlin
 
 (3d Cir. 1986) 785 F.2d 90, 92 [same].)
 

 In
 
 Lynch, supra,
 
 33 Cal.App.4th 1223, the Second District examined the defendant’s claim that a prosecution in 1994 under the statute of limitations contained in section 803(g) for acts of molestation alleged to have occurred between 1965 and 1972 (as to which the statute of limitations expired in 1975) would violate the ex post facto clause of the state and federal Constitutions. In a concise discussion of that issue, the
 
 Lynch
 
 court held that “It is settled law in California that a criminal statute of limitations period, in effect on the date of an alleged offense, may lawfully be extended before, but not after, it has run as to the offense.” (33 Cal.App.4th at p. 1226, citing
 
 Sobiek
 
 v.
 
 Superior Court
 
 (1972) 28 Cal.App.3d 846, 849-851 [106 Cal.Rptr. 516]; see also
 
 People
 
 v.
 
 Masry
 
 (1986) 179 Cal.App.3d 1149, 1152 [225 Cal.Rptr. 174];
 
 People
 
 v.
 
 Smith
 
 (1985) 171 Cal.App.3d 997, 1001 [217 Cal.Rptr. 634];
 
 People
 
 v.
 
 Sample
 
 (1984) 161 Cal.App.3d 1053, 1057 [208 CaLRptr. 318];
 
 Trigg
 
 v.
 
 Superior Court
 
 (1975) 49 Cal.App.3d 685 [122 CaLRptr. 634].)
 
 [11]
 
 The
 
 Lynch
 
 court also rejected the People’s argument that section 803(g) was merely “a narrow tolling exception” to the prescribed limitations period for certain sex offenses. As the court explained, “However the People wish to describe the statute, as it is applied in this case Penal Code section 803, subdivision (g) operates to extend the already expired three-year limitations period applicable to the charged offenses.”
 
 (Lynch, supra,
 
 33 Cal.App.4th at p. 1227.)
 

 The
 
 Lynch
 
 court also found unpersuasive the People’s argument that section 803(g) did not operate to deprive the defendant of a “defense ‘available at the time’ the offense was allegedly committed.”
 
 (Lynch, supra,
 
 33 Cal.App.4th at p. 1227, quoting
 
 Youngblood, supra,
 
 497 U.S. 37.) The court reasoned as follows: “First, it is evident that if this argument were valid, new criminal statutes of limitations reviving and extending expired limitations periods would never violate ex post facto protections. The People cite no authority for this extreme position. Such authority would be in irreconcilable conflict with
 
 Sobiek, supra,
 
 and the other cases addressing the ex post facto rule in the specific context of criminal statutes of limitation. [Citations.] [‘JD Second, the People’s argument inappropriately confuses the
 
 *236
 
 existence of a legal defense at the time of the alleged offense (the critical consideration for ex post facto purposes) with the later assertion of such defense at an appropriate time in the criminal proceedings. Necessarily, a statute of limitations defense may be asserted only after certain delay in commencing prosecution.”
 
 (Lynch, supra,
 
 33 Cal.App.4th at pp. 1227-1228.)
 
 [12]
 
 We agree, as a general matter, with the
 
 Lynch
 
 court’s analysis of this issue.
 

 The People rely on two federal cases for their argument that application of section 803(g) to Bunn does not deprive him of a “defense” within the meaning of
 
 Youngblood
 
 and
 
 Beazell.
 
 In
 
 U.S.
 
 v.
 
 Knipp
 
 (6th Cir. 1992) 963 F.2d 839, the court rejected the defendants’ argument that an extension of the statute of limitations from five to ten years violated the ex post facto because it deprived them of the opportunity to plead the bar of the previously applicable five-year statute of limitations.
 
 (Id.
 
 at pp. 842-843.) The court rejected their claim, saying: “Pleading an expired limitations period is certainly a defense in the general sense that it is a defensive measure. More particularly, however, it is a matter in bar of prosecution and, as such is distinguishable from a ‘pure’ defense, which defeats one or more of the elements of the crime. This distinction was noted and strongly reinforced by the court in
 
 Youngblood
 
 when the Court, after an extended analysis, decided to overrule
 
 [Kring
 
 v.
 
 Missouri
 
 (1883) 107 U.S. 221 (27 L.Ed. 506, 2 S.Ct. 443)], because in
 
 Kring
 
 it had erred in confusing procedural defenses with defenses to the elements of the crime . . . . [¶] Thus, ‘defense’ as used in
 
 Beazell
 
 means a defense related to the definition or elements of the crime. It does not have the much broader meaning assigned to it by defendants, because a plea in bar is not related to the definition of a crime and is not pleaded as a nullification of one or more of its elements or as an excuse or justification for its commission.”
 
 (U.S.
 
 v.
 
 Knipp, supra,
 
 963 F.2d at p. 843.) In
 
 U.S.
 
 v.
 
 Brechtel
 
 (5th Cir. 1993) 997 F.2d 1108, the court reached the same conclusion.
 

 We are not persuaded by the People’s argument based on
 
 Knipp
 
 and
 
 Brechtel.
 
 Those cases simply cannot be squared with the California cases that consider the statute of limitations to be an element of the offense, and an expired limitations period to be a matter of defense—indeed, a
 
 complete
 
 defense—to prosecution on the time-barred charges. Moreover, the language from
 
 Knipp
 
 and
 
 Brechtel
 
 on which the People rely is dicta because those
 
 *237
 
 cases both involved enlargement of a limitations period that had not yet expired as to the defendant’s offenses when the new statute of limitations became effective. The People recognize this, as well as the fact that the court in
 
 Brechtel
 
 was careful to limit its holding to that context.
 
 (U.S.
 
 v.
 
 Brechtel, supra,
 
 997 F.2d at p. 1113, fn. 14 [“Of course, the instant case requires no decision concerning the propriety of legislation reviving criminal liability after lapse of the previously applicable limitations period.”].)
 

 The People contend, however, that a legislative enactment extending an ««expired statute of limitations deprives the offender of a “complete defense” just as surely as does a law that purports to “revive” already time-barred offenses, at least where the prosecution is commenced after the statute of limitations has run. That is, in both cases the statute of limitations “defense” should be deemed to have been “available according to law,” even if inchoate, “at the time when the act was committed.” If the change in law eliminates a complete “defense” to a prosecution commenced after the expiration of the previously applicable limitations period in the latter case, it operates in the same manner in the former. Again, there is some force to the People’s argument. But the issue is not presented in the instant case and is not truly subject to debate at this late date, given the “settled law” of California.
 
 (Lynch, supra,
 
 33 Cal.App.4th at p. 1226.)
 

 There is, nevertheless, a principled distinction to be drawn between the two types of enactments. An amendment extending the limitations period for a molestation charge as to which the previously applicable statute of limitations has expired
 
 re
 
 criminalizes conduct that, by lapse of time and operation law, has been rendered exempt from prosecution—and punishment—for all time. When an amendment operates to extend an unexpired statute of limitations, the new law reminds offenders that they are subject to prosecution and punishment for relatively recent conduct, and places them on notice that they will remain so for a longer period of time than anticipated at the time of the offense. As Judge Learned Hand explained in
 
 Falter
 
 v.
 
 United States
 
 (2d Cir. 1928) 23 F.2d 420, “Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease on life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it.”
 
 (Id.
 
 at pp. 425-426.)
 

 It is also arguable that applying section 803(g) to Bunn’s case, i.e., where the previously applicable statute of limitations expired before the effective
 
 *238
 
 date of section 803(g), increases or “makes more burdensome the punishment for a crime, after its commission.” (Youngblood,
 
 supra,
 
 497 U.S. at p. 42 [110 S.Ct. at p. 2719].) In that regard, California law in 1981 prescribed a term of three, six, or eight years in state prison for the crimes charged (see §§ 264, 288, subd. (a)),
 
 provided that
 
 the prosecution commenced within three years of the date the offenses were committed. (Former § 800.) Thereafter, under California law as it existed in 1981, the punishment for the very same violations of sections 261 and 288 was
 
 zero
 
 years in state prison. Applying section 803(g) to the offenses alleged in the complaint against Bunn would mean that he is again subject to punishment by a term of imprisonment. Such an application may, thus, be viewed as an increase in punishment beyond that which was authorized at the time of the offenses. This, too, distinguishes the instant case from one in which a statute of limitations is extended and later applied to offenses for which the previously applicable statute of limitations had not expired when the extension took effect. In such a case, the prescribed punishment is not effectively reduced to zero years in prison until after the
 
 new
 
 statute of limitations runs.
 

 The People further object that, under the “settled law” of California, on the date section 803(g) became effective, it had a dramatically different impact on one group of individuals who engaged in certain conduct on or after a particular day in the past (a limitations period ago, less one day), and another group of individuals who engaged in precisely the same conduct one or more days earlier. The former individuals became subject to an indefinite statute of limitations, while the latter escaped prosecution for all time for identical conduct. But disparate treatment of identical conduct is a problem inherent in the establishment and enforcement of statutes of limitation, as well as in legislative efforts to enlarge the limitations period. Some otherwise guilty individuals completely avoid prosecution and punishment, while others who have engaged in the same conduct are prosecuted and punished to the fullest extent of the law. As distasteful as the result may be, Bunn is one of those who cannot be held accountable for criminal conduct that occurred in the distant past.
 

 We do not reach this conclusion lightly. We echo the sentiment of the trial judge who observed that the decision to dismiss the complaint was not an easy one because, based on direct and corroborative evidence described in the record of this case, there is a strong probability that Bunn “committed the outrageous acts alleged upon his daughter, accompanied by force, degradation, humiliation, and worse.” Nevertheless, we must adhere to the bedrock
 
 *239
 
 principles of our state and federal Constitutions. The ex post facto clause is among those, and it dictates the result in this case.
 
 [13]
 

 IIL Conclusion
 

 For the foregoing reasons, the order denying the People’s motion to reinstate the complaint is affirmed.
 

 Parrilli, J., and Walker, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied May 21, 1997.
 

 [1]
 

 A11 statutory references are to the Penal Code unless otherwise indicated.
 

 [2]
 

 The original complaint in this case was filed January 25, 1995.
 

 [3]
 

 The parties appear to agree that claims under the state and federal ex post facto clauses are to be “analyzed identically.” They are correct. (See
 
 People
 
 v.
 
 McVickers
 
 (1992) 4 Cal.4th 81, 84 [13 Cal.Rptr.2d 850, 840 P.2d 955], citing
 
 Tapia
 
 v.
 
 Superior Court
 
 (1991) 53 Cal.3d 282, 295 [279 Cal.Rptr. 592, 807 P.2d 434]
 
 (Tapia).)
 

 [4]
 

 Before January 1, 1997, section 803(g) provided: “Notwithstanding any other limitation of time described in this section, a criminal complaint may be filed within one year of the date of a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5. This subdivision shall apply only if both of the following occur: [IQ (1) The limitation period specified in Section 800 or 801 has expired. [•]□ (2) The crime involved substantial sexual conduct, as described in subdivision (b) of Section 1203.066, excluding masturbation which is not mutual, and there is independent evidence that clearly and convincingly corroborates the victim’s allegation. No evidence may be used to corroborate the victim’s allegation which would otherwise be inadmissible during trial. Independent evidence shall not include the opinions of mental health professionals.”
 

 *
 

 See footnote,
 
 ante,
 
 page 227.
 

 [11]
 

 Of course, the
 
 Lynch
 
 court reasoned that “Statutes of limitations are jurisdictional, and a criminal accusatory pleading that shows on its face that the prosecution is time barred fails to state a public offense.”
 
 (Lynch, supra,
 
 33 Cal.App.4th at p. 1226, citing
 
 Sobiek
 
 v.
 
 Superior Court, supra,
 
 28 Cal.App.3d at p. 849.) To this extent, it must be recognized that
 
 Lynch, Sobiek,
 
 and the other cited cases to the extent they rely on Sobiek’s “jurisdictional” reasoning, are no longer good law.
 
 (Cowan, supra,
 
 14 Cal.4th at p. 374.)
 

 [12]
 

 The People’s reasoning, the
 
 Lynch
 
 court explained, would vitiate any ex post facto claim as to a postoffense change in sentencing law which imposes greater punishment than that prescribed as of the time the offense was committed. In such a case, “[The] substantive right ... is fixed as of the date of the offense but its assertion is premature until the occurrence of a later contingency—conviction and sentencing.” (33 Cal.App.4th at p. 1228.)
 

 [13]
 

 Because we conclude the instant prosecution is barred as a matter of statutory interpretation and under ex post facto principles, we need not—and do not—decide the additional issues whether the trial court lacked jurisdiction to decide the prosecutor’s motion to reinstate the complaint, whether the prosecutor’s motion was improperly served, and whether the prosecution violates Bunn’s due process rights.