[No. C048803. Third Dist. May 4, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
DUANE PEYTON LINDER, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[†]]**

[†]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I. and III.

## Counsel

Cara DeVito, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, John G. McLean and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CANTIL-SAKAUYE, J.**—Defendant was convicted by a jury of five counts of lewd and lascivious conduct on R.S., a child under the age of 14 (Pen. Code, § 288, subd. (a))[1] (counts 1–5), three counts of lewd and lascivious conduct on J.L., a child under the age of 14 (§ 288, subd. (a)) with findings the allegations extending the statute of limitations under section 803, subdivision (g) (section 803(g))[2] were true (counts 6–8), one count of lewd and lascivious conduct on M.S., a child under the age of 14 (§ 288, subd. (a)), as a lesser offense of a forcible lewd act (§ 288, subd. (b)) (count 9), three counts of lewd and lascivious conduct on D.E., a child under the age of 14 (§ 288, subd. (a)) (counts 11–13), and one count of aggravated sexual assault (forcible oral copulation) of D.E., a child under the age of 14 and 10 or more years younger than defendant (§ 269, subd. (a)(4)) (count 10). The jury found true an allegation defendant committed offenses against multiple victims under section 667.61. The trial court sentenced defendant to a determinate term of 10 years, plus an indeterminate term of 120 years to life; ordered defendant to pay a $10,000 restitution fine ordered defendant to pay a $10,000 parole revocation fine, stayed pending successful completion of parole; and awarded defendant 539 total days of time credit.

Defendant appeals contending (1) his constitutional rights to an impartial jury and to due process were violated when the trial court failed to ask prospective jurors what effect prejudicial statements by other prospective jurors had on them, (2) his constitutional rights to a jury and due process were denied under recent decisions of the United States Supreme Court (*Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*); *Ring v. Arizona* (2002) 536 U.S. 584 [153 L.Ed.2d 556, 122 S.Ct. 2428] (*Ring*); *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] (*Blakely*); *United States v. Booker* (2005) 543 U.S. 220 [160 L.Ed.2d 621, 125 S.Ct. 738] (*Booker*)) by the instruction of the jury that the People could prove extension of the statute of limitations for counts 6 through 8 under section 803(g) by a standard of proof less than beyond a reasonable doubt, and (3) the trial court erred in concluding it did not have discretion to impose concurrent subordinate terms of 15 years to life for counts 1 through 5, count 9, and count 11. We agree only with defendant's last contention. We shall affirm defendant's convictions, but vacate the sentence and remand for resentencing.

---

[1] Undesignated statutory references are to the Penal Code.

[2] References in this opinion to section 803(g) are to former subdivision (g), in effect in 2003 and 2004 when the felony complaint and information were filed against defendant. In statutory amendments to section 803 in 2005, subdivisions (f) and (g) were rewritten as subdivision (f) and former subdivision (h) was designated as subdivision (g). (Stats. 2005, ch. 479, § 3.)

## FACTUAL BACKGROUND

As defendant's claims on appeal do not require a detailed statement of the underlying facts, we only briefly summarize them, viewing the evidence as a whole, in the light most favorable to the prosecution. (*People v. Staten* (2000) 24 Cal.4th 434, 460 [101 Cal.Rptr.2d 213, 11 P.3d 968].)

Sometime in 1992 or 1993, when defendant's eight- or nine-year-old niece J.L. was staying at defendant's house, J.L. and one of defendant's young daughters went into defendant's bedroom. Defendant asked the girls to take off their pants and underpants and lie on their stomachs facing the television, on which a pornographic movie was playing. Defendant stared at their genitalia, then digitally penetrated J.L.'s vagina four or five times. (Counts 6, 7 & 8.) The first time J.L. told anyone in law enforcement about defendant's actions was October 9, 2002. The felony complaint alleging these offenses was filed on October 6, 2003.

In August 1995, 10-year-old D.E. came to Sacramento for a family reunion. D.E. asked to accompany defendant on some errands. Defendant drove D.E. to his house. Inside the house, defendant tickled D.E., pressed his fingers on her stomach, pinned her in a corner and asked to lick her "pussy." D.E. consented only when defendant got angry. Defendant then pushed her onto the bed, removed her pants and underwear, and put her legs over his shoulders. He licked her genitals, despite her kicking and screaming at him to stop. At the same time defendant was squeezing her buttocks and periodically touching her chest. Defendant asked D.E. to orally copulate him, but she refused. (Counts 10–13.)

In March 1996, defendant's six-year-old niece R.S. was spending the night at defendant's apartment. Defendant came into the bathroom while she was taking a bath to give her a towel. When she had wrapped herself in the towel, R.S. sat on defendant's bed and asked who was going to do her hair. Defendant said he would. Defendant sat behind R.S. and rubbed her vagina and chest. Defendant also rubbed his penis against her vagina. R.S. saw a video camera set up pointing towards the bed. (Count 1.)

In March 1997 or March 1998, when defendant's nephew M.S. (R.S.'s brother) was four or five years old, defendant called M.S. into another room and asked M.S. to touch his (defendant's) penis. Defendant grabbed M.S.'s hand and held it tight, moving it up and down and preventing M.S. from yanking it away from defendant's penis. (Count 9.)

When R.S. was nine or 10 years old, she and her siblings moved in with defendant's mother, her grandmother. Defendant and his wife often came

over to babysit. R.S. remembered one night her grandmother had to go to the hospital with her grandfather. About 1:00 a.m. defendant came into R.S.'s room, sat on the edge of the bed, and started touching R.S.'s vagina, first over her clothes and then underneath them.

R.S. testified there were between 15 and 40 other times defendant touched her, mostly when she was at her grandmother's house over a period of two years when she was 10 to 12 years old. The incidents usually occurred at night. R.S. estimated she saw defendant's penis on at least 10 of these occasions. About half the time defendant's penis touched her vagina. R.S. also remembered defendant touching her breasts and vagina when she was visiting another relative's house. She remembered defendant touched her breasts, rubbed her vagina, and touched her with his penis a few times when they were on camping trips. The last time R.S. remembered defendant touching her was when she was 12 years old. He came into her bedroom and asked for a hug. When he came over to give her a hug, he started rubbing her vagina. She pushed him away and told him to get out. (Counts 2–5.)

Evidence was admitted regarding uncharged prior bad acts of defendant. Specifically defendant's sister, R.S.'s and M.S.'s mother, testified defendant had molested her from the time she was six years old until she was 15 or 16. Defendant rubbed her vagina with his hand and penis, orally copulated her, put a vibrator against her vagina, and later had sexual intercourse with her. Evidence was admitted that defendant made his stepson orally copulate him on more than 10 occasions when the stepson was nine years old or younger. Evidence was admitted that defendant digitally penetrated one of his daughters and she orally copulated defendant.

Defendant did not testify, but presented evidence of inconsistencies in statements made by D.E., denials by M.S. of being touched by defendant, denials by defendant's sister of any oral copulation or penetration of her by defendant and evidence that other family members were making M.S. and R.S. say untrue things about defendant. At trial defendant's stepson denied he ever orally copulated defendant. Defendant argued J.L., D.E., R.S., and M.S. were lying.

## DISCUSSION

### I.*

### <u>Jury Voir Dire</u>

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 75.

## II.

### Burden of Proof for Statute of Limitations Allegations

■ Section 803(g) permits prosecution of specified sexual offenses, including a violation of section 288, subdivision (a), after the statute of limitations has expired if (1) the victim reports the abuse to law enforcement, (2) the crime involves substantial sexual conduct, (3) there is independent evidence that clearly and convincingly corroborates the victim's allegation, and (4) prosecution is commenced within one year of the victim's report. Thus, the effect of section 803(g) is to permit prosecution of specified sexual offenses with a juvenile within the statute of limitations set forth in section 800 and 801, or within one year of the victim's report of the offense, whichever is later. (*People v. Vasquez* (2004) 118 Cal.App.4th 501, 505 [13 Cal.Rptr.3d 162].)

Defendant claims he was deprived of his federal due process and Sixth Amendment right to a jury by the trial court's instruction of the jury that the burdens of proof applicable to the section 803(g) statute of limitations allegations for counts 6 through 8 were preponderance of the evidence, and, as to the corroboration requirement, clear and convincing evidence.[4] Defendant contends the People were required to prove the allegations extending the

---

[4] The trial court instructed the jury with a modified form of former CALJIC No. 2.50.2, which in pertinent part, stated, "Evidence of defendant's other uncharged sexual offenses, *as well as the allegations that the criminal charges involving the minor [J.L.] were timely filed*, must be proved by a 'preponderance of the evidence.'" (Italics added.) The instruction then went on to define preponderance of the evidence and to direct the jury to consider all of the evidence bearing upon every issue regardless of who produced it.

The trial court also drafted and gave a special instruction on section 803(g), which stated: "Counts 6–8 (PC 288(a), involving the minor [J.L.]) were filed pursuant to Penal Code Section 803(g) which extends the normal 6-year statute of limitations under which such charges must be filed. The People have the burden of proving 5 factual allegations in order for the Penal Code section 803(g) extension to apply. [¶] If you find the defendant guilty of any of the counts filed pursuant to Penal Code 803(g) (Counts 6, 7, and/or 8), you must further determine, as to each count in which you find the defendant guilty, whether the People have proved all of the following by a 'preponderance of the evidence': [¶] 1. On October 9, 2002, the named victim [J.L.], first reported to a California law enforcement agency that while under the age of 18, she was a victim of child molestation, specifically including digital penetration; [¶] 2. A complaint accusing the defendant of the crimes in Counts 6, 7, and/or 8 was filed on or before October 9, 2003; [¶] 3. The crimes involving [J.L.] involved 'substantial sexual conduct.' Substantial sexual conduct is defined as penetration, however slight of the genitalia of the victim by any foreign object, including the finger or fingers. [¶] 4. The normal 6-year statute of limitations for the crimes alleged in Counts 6, 7 and/or 8 had expired before the complaint in this case was filed; and [¶] 5. There is independent evidence that 'clearly and convincingly' corroborates the conduct described by [J.L.] 'Clear and convincing' evidence means evidence of such convincing force that it demonstrates, in contrast to the opposing evidence, a high probability of the truth of the facts for which it is offered as proof. 'Clear and convincing evidence' is a higher standard of proof than proof by a 'preponderance of the evidence' (which has been

statute of limitations under section 803(g), by proof beyond a reasonable doubt because the statute of limitations is either an element of the offense or should be treated as if it were an element under recent decisions by the United States Supreme Court. (*Apprendi, supra,* 530 U.S. 466 [147 L.Ed.2d 435]; *Ring, supra,* 536 U.S. 584 [153 L.Ed.2d 556]; *Blakely, supra,* 542 U.S. 296 [159 L.Ed.2d 403]; *Booker, supra,* 543 U.S. 220 [160 L.Ed.2d 621].) According to defendant, cases in California permitting a jury finding on statute of limitations allegations under any standard less than beyond a reasonable doubt are no longer good authority and are not binding on this court. We disagree.

As a preliminary matter, we note defendant claims to have objected to the statute of limitations instructions given by the trial court. Actually, defense counsel objected only to modified CALJIC No. 2.50.2 as part of defendant's objection to the set of instructions regarding uncharged crimes. As to uncharged crimes, defendant argued the instruction improperly lowered the prosecution's burden of proof of his guilt. Defendant never mentioned the portion of the instruction relating to the statute of limitations allegations. Defendant did object to the trial court's special instruction on section 803(g), but never on the grounds he now asserts on appeal, that the burden of proof is unconstitutional. Defendant's lack of objection does not preclude review of the issue on appeal because defendant had the right to correct instructions on the applicable burden of proof and courts may review instructions for errors that affect "the substantial rights of the defendant." (§ 1259; see *People v. Prieto* (2003) 30 Cal.4th 226, 268 [133 Cal.Rptr.2d 18, 66 P.3d 1123]; *People v. Smithey* (1999) 20 Cal.4th 936, 976, fn. 7 [86 Cal.Rptr.2d 243, 978 P.2d 1171].) We turn to the merits of defendant's contentions.

 As the United States Supreme Court has explained, the federal Constitution "protects every criminal defendant 'against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " (*Booker, supra,* 543 U.S. at p. 230 [160 L.Ed.2d at p. 641], quoting *In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068].) Specifically, the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." (*United States v. Gaudin* (1995) 515 U.S. 506, 511 [132 L.Ed.2d 444, 450, 115 S.Ct. 2310].)

---

previously defined elsewhere). You should consider all the evidence bearing upon every issue regardless of who produced it. [¶] The People have the burden of proving the truth of the Penal Code Section 803(g) extension by a preponderance of the evidence. 'Preponderance of the evidence' is defined elsewhere in these instructions. [¶] If you find the People have proven the Penal Code Section 803 allegations, then you must find them to be 'True' in your verdicts for Counts 6, 7, and/or 8. [¶] If you find that the People have not proven the truth of the Penal Code Section 803(g) allegations, you must find them to be 'Not True' in your verdicts for Counts 6, 7, and/or 8."

■ Based on these principles, the United States Supreme Court in *Apprendi, supra,* 530 U.S. 466 [147 L.Ed.2d 435], set aside an enhanced sentence imposed by a New Jersey court based on the trial court's finding defendant's conduct in carrying a firearm for an unlawful purpose, to which the defendant pled guilty, also violated New Jersey's "hate crime" law because it was racially motivated. The court concluded the proper inquiry was not whether a Legislature has chosen to label a fact as an element of the crime or to label it as a separate sentencing factor. The question is not one of form, but effect. (*Id.* at p. 494 [147 L.Ed.2d at p. 457].) "[A] fact that, if found, exposes the criminal defendant to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone" is the functional equivalent of an element of the crime. (*Id.* at p. 483 [147 L.Ed.2d at p. 450], fn. omitted.) The court held the federal Constitution guarantees a criminal defendant the right to have a jury determine, beyond a reasonable doubt, any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum[.]" (*Id.* at p. 490 [147 L.Ed.2d at p. 455].)

■ In *Ring, supra,* 536 U.S. 584 [153 L.Ed.2d 556], the United States Supreme Court held it was impermissible for a trial judge to determine the presence or absence of the aggravating factors required by Arizona law for imposition of the death penalty. (*Id.* at pp. 588–589 [153 L.Ed.2d at pp. 563–564].) "If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt." (*Id.* at p. 602 [153 L.Ed.2d at p. 572].)

■ In *Blakely, supra,* 542 U.S. 296 [159 L.Ed.2d 403], the United States Supreme Court concluded an exceptional sentence imposed by a trial judge under Washington's determinate sentencing law violated these principles. The Supreme Court clarified that "the prescribed statutory maximum" sentence "for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" (*Id.* at p. 303 [159 L.Ed.2d at p. 413].) In *Booker, supra,* 543 U.S. 220 [160 L.Ed.2d 621], a majority of the United States Supreme Court, in an opinion written by Justice Stevens, found no significant distinction between the mandatory federal sentencing guidelines and the Washington sentencing law at issue in *Blakely* and concluded the federal guidelines violated the Sixth Amendment. (*Booker, supra,* at p. 233 [160 L.Ed.2d at p. 643].)

Defendant claims these decisions require a jury to find the facts necessary for a section 803(g) statute of limitations extension based on the "beyond a reasonable doubt" standard of proof. However, the *Apprendi* line of cases we have just summarized all "involve factual determinations that establish the

level of punishment for which the defendant is eligible." (*People v. Betts* (2005) 34 Cal.4th 1039, 1054 [23 Cal.Rptr.3d 138, 103 P.3d 883] (*Betts*).)[5] Together with earlier decisions of the United States Supreme Court, these recent decisions make it clear the federal Constitution guarantees a criminal defendant the right to a jury determination, based on proof beyond a reasonable doubt, of every element of the crime and every fact, however labeled, that increases the defendant's punishment beyond the prescribed statutory maximum.

■ In California the statute of limitations constitutes a substantive right. (*Zamora, supra,* 18 Cal.3d 538, 547.) The prosecution bears the burden of pleading and proving the charged offense was committed within the applicable period of limitations. (*People v. Lopez* (1997) 52 Cal.App.4th 233, 245, 248 [60 Cal.Rptr.2d 511].) Where the pleadings do not show as a matter of law the prosecution is time-barred, the statute of limitations becomes an issue for the jury (trier of fact) if disputed by the defendant. (*Zamora, supra,* at pp. 562, 564, fn. 25; see *People v. Smith* (2002) 98 Cal.App.4th 1182, 1192 [120 Cal.Rptr.2d 185] [trial court need only instruct on statute of limitations when it is placed at issue by the defense as a factual matter at trial].) However, "the statute of limitations is not an 'element' of the offense insofar as the 'definition' of criminal conduct is concerned." (*People v. Frazer* (1999) 21 Cal.4th 737, 760, fn. 22 [88 Cal.Rptr.2d 312, 982 P.2d 180] (*Frazer*) overruled on other grounds by *Stogner v. California* (2003) 539 U.S. 607, 609–610, 632–633 [156 L.Ed.2d 544, 550–551, 565, 123 S.Ct. 2446] (*Stogner*).) Although the right to maintain the action is an essential part of the final power to pronounce judgment, that right "constitutes no part of the crime itself." (*People v. McGill* (1935) 10 Cal.App.2d 155, 159 [51 P.2d 433].)

Defendant cites *Cowan v. Superior Court* (1996) 14 Cal.4th 367 [58 Cal.Rptr.2d 458, 926 P.2d 438] and *People v. Bunn* (1997) 53 Cal.App.4th 227 [61 Cal.Rptr.2d 734] for the proposition the statute of limitations is an essential element of the offense. In *Cowan* the Supreme Court was concerned with the issue of whether a defendant could waive the statute of limitations. It concluded a defendant could in certain circumstances do so as the statute of limitations was not strictly jurisdictional in the fundamental subject matter sense. (*Cowan v. Superior Court, supra,* at pp. 372–376.) Nowhere in the opinion did the Supreme Court state it considered the statute of limitations an element of the underlying offense. In *Bunn* the court noted other cases had

---

[5] In *Betts,* the California Supreme Court held there was no federal constitutional right to jury trial on factual questions that establish territorial jurisdiction because territorial jurisdiction is a procedural matter relating to the authority of California courts to adjudicate the case and not to the guilt of the accused or the level of authorized punishment. We recognize the statute of limitations is a substantive, not procedural matter. (*People v. Zamora* (1976) 18 Cal.3d 538, 547 [134 Cal.Rptr. 784, 557 P.2d 75] (*Zamora*).) However, *Betts* is nevertheless instructive on the scope of the *Apprendi* line of cases.

concluded the statute of limitations was an element of the offense, but also stated the rationale of those cases was undercut by *Cowan.* (*People v. Bunn, supra,* at p. 233.) And the court in *Bunn* later stated the statute of limitations is not "an 'element of the offense' in the sense that it defines the actus reus or the mens rea which characterizes the crime." (*Id.* at p. 234.) Subsequently, in *Frazer, supra,* 21 Cal.4th 737, the Supreme Court clearly rejected the claim the statute of limitations is an actual element of the underlying offense.

◼ Nor are the facts establishing a prosecution has been timely brought facts that effect "the level of punishment for which the defendant is eligible" (*Betts, supra,* 34 Cal.4th at p. 1054), bringing those facts within the *Apprendi* line of cases. Even the facts establishing an extension of the statute of limitations under section 803(g) do not result in an increase of a defendant's punishment. This conclusion is clear from *Stogner, supra,* 539 U.S. 607 [156 L.Ed.2d 544]. In *Stogner* the United States Supreme Court held section 803(g) violated ex post facto principles to the extent it could be applied to *revive* a previously time-barred prosecution. (*Stogner, supra,* at pp. 609–610 [156 L.Ed.2d at pp. 550–551].) The court found: "After (*but not before*) the original statute of limitations had expired, a party such as Stogner was not 'liable to any punishment.' California's new statute therefore 'aggravated' Stogner's alleged crime, or made it 'greater than it was, when committed,' in the sense that, and to the extent that, it 'inflicted punishment' for past criminal conduct that (when the new law was enacted) did not trigger any such liability." (*Id.* at p. 613 [156 L.Ed.2d at p. 553], italics added.) That is, only revival of a time-barred prosecution increases the defendant's punishment; extension of the time for prosecution under section 803(g) does not.

As the court stated in *People v. Zandrino* (2002) 100 Cal.App.4th 74 [121 Cal.Rptr.2d 879], section 803(g) "does not alter the elements of these offenses, or their punishment . . . ." (100 Cal.App.4th at p. 83.)

◼ We conclude the *Apprendi* line of cases does not call into question the clear California case authority holding the prosecution's burden of proof on the statute of limitations issue is a preponderance of the evidence and as to the independent corroboration requirement, clear and convincing evidence. (§ 803(g)(2)(B); *Zamora, supra,* 18 Cal.3d 538, 563, fn. 25, 564, fn. 26; *People v. Lopez, supra,* 52 Cal.App.4th 233, 248; *People v. McGill, supra,* 10 Cal.App.2d 155, 159–160.) The trial court did not err in so instructing the jury here.

As we conclude the trial court did not err in applying the case authorities providing for a lesser burden of proof on the statute of limitations issue, we do not need to reach defendant's additional claim the burden of proof for section 803(g) cannot be less than beyond a reasonable doubt based on

analogy to Evidence Code section 1101 et al. (*People v. Zandrino, supra,* 100 Cal.App.4th at p. 84, fn. 6.) As there was no error, we also need not address prejudice.

## III.*

### Sentencing Error

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment of conviction is affirmed. The sentence imposed is vacated and the matter remanded to the trial court with directions to resentence defendant, exercising its discretion to impose concurrent or consecutive life sentences for counts 1 through 5, 9 and 11.

Blease, Acting P. J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 16, 2006, S143963.

---

*See footnote, *ante,* page 75.