[Civ. No. 36362. First Dist., Div. One. July 2, 1975.]

ROSS SHERMAN TRIGG, Petitioner, v.
THE SUPERIOR COURT OF SANTA
CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Paul A. Mansfield and Bruce I. Cornblum for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Peter R. Silten, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**ELKINGTON, J.**—Petitioner Trigg was charged in one of the counts of an information with perjuriously signing, on *September 7, 1968,* an affidavit for registration to vote, which said perjury was not discovered until *June 28, 1974.* The information was filed August 12, 1974.

█ Trigg moved to strike the charge on the ground that its prosecution was barred by the statute of limitations of Penal Code section 800, as in effect until 1972. Section 800 had then provided that an information charging perjury (Pen. Code, § 118) shall be filed "within three years after its *commission.*" (Italics added.) In 1972 the statute was amended to provide that the three-year statute of limitations for certain felonies, including perjury, did not start running until *discovery* of the offense.

Trigg's motion was denied by the trial court whereupon, on Trigg's application, we issued an alternative writ of prohibition for the purpose of reviewing the legality of the ruling.

The People concede, as they must, that the pre-1972 statute's three-year period having run before filing of the instant information, ordinarily prosecution for the charged offense would be barred. In support of the contention that the statute had nevertheless not run against Trigg, their principal reliance is placed on the recent case of *People* v. *Swinney,* 46 Cal.App.3d 332 [120 Cal.Rptr. 148]. The reliance is futile.

In *People* v. *Swinney, supra,* the defendant had been charged by an indictment filed March 5, 1974, with "concealment of stolen property [Pen. Code, § 496] committed continuously between October 1968 and March 1974." The Court of Appeal found evidence of "affirmative, specific acts of concealment within three years of the March 1974 indictment," and reversed an order of the superior court dismissing the charge. The rationale of the reviewing court was simply that the indictment alleged, and the evidence tended to establish, acts of felonious concealment of property within the period of the applicable three-year statute of limitations. In the case at bench we observe no corresponding act of perjury within three years of the filing of the information.

█ We are unpersuaded that Trigg's voting within the three-year period constituted a *continuation* of the 1968 perjury, or that his 1972 voter's change-of-address card amounted to *republication* of that perjury. Some other offenses may have there been involved, but there was no false statement under oath or other violation of Penal Code section 118.

Two other authorities are urged by the People. In *Von Eichelberger* v. *United States,* 252 F.2d 184, the accused who had been continually in

possession of an unlawfully transferred firearm, was not aided by a statute of limitations which would have barred prosecution for possession at the time the weapon was initially obtained; the case is analogous to *People* v. *Swinney*, discussed above, and is here inapposite. *Mitchell* v. *United States*, 196 F. 874, 878, did not, as contended by the People, allow prosecution for "devis[ing] a scheme and artifice to defraud" where the statute of limitations had long before run from the date of such "devising." Instead, the accused was charged with using the mails (within the statutory period) "in pursuance of such a scheme" devised beyond that period; the case also is obviously of no authority.

The statute of limitations having run on the subject charge of perjury—

The peremptory writ of prohibition will issue.

Molinari, P. J., and Sims, J., concurred.