[No. B086813. Second Dist., Div. Four. Mar. 13, 1995.]

WILLIAM L. LYNCH, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

1224

**COUNSEL**

Frank Di Sabatino for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

## OPINION

**THE COURT.\***—This mandate proceeding presents the question of law whether the statute of limitations provided in Penal Code section 803, subdivision (g) (effective January 1, 1994) may revive and extend the statutory limitations period which was in effect when the charged sex offenses were allegedly committed but which expired prior to the effective date of section 803, subdivision (g).

We conclude that such application of the new criminal statute of limitations is barred by ex post facto protections. (*Sobiek* v. *Superior Court* (1972) 28 Cal.App.3d 846, 849-851 [106 Cal.Rptr. 516]; U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.) Such application is also barred by Penal Code section 805.5, subdivision (c)(1), which renders the section 803, subdivision (g) statute of limitations inapplicable to offenses for which the prior limitations period expired before January 1, 1985.

The petition challenges the overruling of defendant's demurrer to an information on statute of limitations grounds.

Upon initial review of the petition this court requested preliminary opposition from the People.

After some earlier correspondence, the People ultimately filed a letter declining to file preliminary opposition.

Because it appeared that *Sobiek, supra,* and Penal Code section 805.5, subdivision (c)(1), clearly compel relief, we issued notice of intent to grant the peremptory writ in the first instance and invited the People to file a plenary opposition. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) The People formally declined to file opposition.

### Facts

By information filed March 21, 1994, defendant was charged with eight counts of violating Penal Code section 288, subdivision (a), "lewd act upon a child," during specified periods between 1965 and July 1972. The final paragraph of the information alleges that the offenses were first reported to the sheriff's department in July 1993, within one year prior to filing of the felony complaint.

The statute of limitations applicable to the charged offenses when they were allegedly committed was a three-year period (former Pen. Code, § 801)

---

*Before Woods (A. M.), P. J., Epstein, J., and Hastings, J.

that expired as to all charges no later than August 1975. (From 1965 to 1972 former Penal Code section 288 defined the charged offenses.)

Penal Code section 803, subdivision (g), became effective January 1, 1994, and provides a limitations period of one year from the date a person of any age reports to a law enforcement agency that he or she was a victim of, inter alia, a section 288a offense while under the age of eighteen years.

Defendant's demurrer to the information asserted that any revival or extension of the original limitations period *after* it expired in 1975 would violate constitutional ex post facto protections. Defendant relied upon *Sobiek* v. *Superior Court, supra,* 28 Cal.App.3d 846, 849-851, which so holds.

Respondent overruled the demurrer without a statement of grounds. Defendant filed the petition for mandate.

*Discussion*

1. *Ex Post Facto Violation.*

■ Statutes of limitation are jurisdictional and a criminal accusatory pleading that shows on its face that the prosecution is time barred fails to state a public offense. (*Sobiek* v. *Superior Court, supra,* 28 Cal.App.3d 846, 849.) An accusatory pleading failing to state a public offense or demonstrating lack of jurisdiction is subject to dismissal on demurrer. (Pen. Code, § 1004, subds. 1 and 4.)

■ It is settled law in California that a criminal statute of limitations period, in effect on the date of an alleged offense, may lawfully be extended before, but not after, it has run as to the offense. (*Sobiek* v. *Superior Court, supra,* 28 Cal.App.3d 846, 849-851; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Defenses, § 372, p. 427; see also *People* v. *Masry* (1986) 179 Cal.App.3d 1149, 1152 [225 Cal.Rptr. 174]; *People* v. *Smith* (1985) 171 Cal.App.3d 997, 1001 [217 Cal.Rptr. 634]; *People* v. *Sample* (1984) 161 Cal.App.3d 1053, 1057 [208 Cal.Rptr. 318].)

In *Sobiek, supra,* a felony prosecution was commenced against defendant after the expiration of the limitations period in effect when the offense was allegedly committed. After expiration of the original limitations period the limitations statute was amended so that the limitations period commenced

upon discovery of the offense, rather than its commission. The amendment would have permitted the prosecution of defendant under the extended limitation period.

*Sobiek* v. *Superior Court, supra,* 28 Cal.App.3d at pages 850-851, directed the dismissal of the prosecution, holding that when the criminal limitations period originally applicable to an offense has run, ex post facto protections bar a subsequent statutory amendment from reviving and extending the period. *Sobiek* derived this principle from *United States* v. *Falter* (2d Cir. 1928) 23 F.2d 420, 425-426.

The People contended below that Penal Code section 803, subdivision (g) did not extend the former three-year limitations period, but merely created a narrow tolling exception to the limitations period for certain sex offenses.

This argument is clearly without merit. However the People wish to describe the statute, as it is applied in this case Penal Code section 803, subdivision (g) operates to extend the already expired three-year limitations period applicable to the charged offenses. This is an ex post facto violation. (*Sobiek* v. *Superior Court, supra,* 23 Cal.App.3d at pp. 849-851; *Miller* v. *Florida* (1987) 482 U.S. 423, 429 [96 L.Ed.2d 351, 359, 107 S.Ct. 2446].)

The People also argued below that Penal Code section 803, subdivision (g) does not exhibit an essential element of an ex post facto law; e.g., depriving the defendant of a right or defense "available at the time" the offense was allegedly committed. (Citing *Collings* v. *Youngblood* (1990) 497 U.S. 37 [111 L.Ed.2d 30, 110 S.Ct. 2715), and *Tapia* v. *Superior Court* (1991) 53 Cal.3d 282 [279 Cal.Rptr. 592, 807 P.2d 434].)

This argument is unpersuasive.

First, it is evident that if this argument were valid, new criminal statutes of limitations reviving and extending expired limitations periods would never violate ex post facto protections. The People cite no authority for this extreme proposition. Such authority would be in irreconcilable conflict with *Sobiek, supra,* and the other cases addressing the ex post facto rule in the specific context of criminal statutes of limitation. (*Trigg* v. *Superior Court* (1975) 49 Cal.App.3d 685 [122 Cal.Rptr. 634]; *People* v. *Masry, supra,* 179 Cal.App.3d 1149, 1152; *People* v. *Smith, supra,* 171 Cal.App.3d 997, 1001 [217 Cal.Rptr. 634]; *People* v. *Sample, supra,* 161 Cal.App.3d 1053, 1057-1058.)

Second, the People's argument inappropriately confuses the existence of a legal defense at the time of the alleged offense (the critical consideration for ex post facto purposes) with the later assertion of such defense at an appropriate time in the criminal proceedings. Necessarily, a statute of limitations defense may be asserted only after certain delay in commencing prosecution.

The fallacy of the People's argument is demonstrated by applying it to the established ex post facto protection against being sentenced under post-offense statutes imposing greater punishment than those in effect at the time of the offense. (*Miller* v. *Florida, supra*, 482 U.S. at p. 429 [96 L.Ed.2d at p. 359].) This substantive right is analogous to a statute of limitations defense in that it is fixed or defined as of the date of the offense but its assertion is premature until the occurrence of a later contingency—conviction and sentencing. But under the People's analysis, this right could never be enforced at sentencing because it was not "available" at the time the offense was committed.

### 2. *Penal Code Section 805.5, Subdivision (c)(1)*

■ Application of the Penal Code section 803, subdivision (g) limitations period is also barred by Penal Code section 805.5, subdivision (c)(1).

Penal Code section 805.5 was enacted as part of chapter 2 (§§ 799-805.5) of part 2, title 3 of the Penal Code, effective January 1, 1985. The statute provides "(c) This chapter does not apply, and the law applicable before the operative date [January 1, 1985] does apply, to an offense that was committed before the operative date, if: (1) Prosecution for the offense would be barred on the operative date by the limitation of time applicable before the operative date."

Penal Code section 805.5, subdivision (c)(1) leaves no doubt that the extended limitations period provided in section 803, subdivision (g) (effective Jan. 1, 1994, as part of ch. 2 of pt. 2, tit. 3 of the Pen. Code) is not applicable here because the prior limitations period expired in 1975.

### Conclusion

Let a peremptory writ of mandate issue directing respondent to vacate its order overruling defendant's demurrer to the entire complaint, and to make a

new and different order sustaining the demurrer and dismissing the prosecution as time-barred.

The temporary stay previously issued by this court shall remain in effect.

The petition of real party in interest for review by the Supreme Court was denied May 25, 1995.