[No. A094828. First Dist., Div. Five. Nov. 21, 2001.]

MARION REYNOLDS STOGNER, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, parts II., III. and IV. of this opinion are not certified for publication.

**COUNSEL**

William W. Veale, Alternate Public Defender, and Roberto Nájera, Deputy Alternate Public Defender, for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Christopher J. Wei, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**SIMONS, J.**—In this proceeding, we revisit the question whether petitioner Marion Reynolds Stogner may be prosecuted for child molestations allegedly committed between 1955 and 1973. In an earlier decision, we concluded that prosecution was not barred by ex post facto or due process principles. (*People v. Stogner* (Oct. 14, 1999, A084772) [nonpub. opn.].) Today we determine that prosecution is not precluded as a matter of statutory interpretation.

### PROCEDURAL HISTORY

In April 1998, a criminal complaint was filed charging petitioner with two counts of a lewd act upon a child (Pen. Code,[1] § 288, subd. (a)) committed 25 to 43 years earlier. Count one alleged lewd conduct upon Jane Doe I between January 1, 1955, and September 30, 1964. Count two alleged lewd conduct upon Jane Doe II between January 1, 1967, and September 27, 1973. The complaint acknowledged on its face that the limitations period for the

---

[1]All undesignated section references are to the Penal Code.

offenses had expired, but alleged that the charges could be prosecuted pursuant to section 803, subdivision (g) (hereafter section 803(g)).

Effective January 1, 1994, section 803(g) extended the limitations period for certain sex offenses to one year following a report to a law enforcement agency by a person of any age that he or she has been the victim of sexual misconduct while under the age of 18.[2] Petitioner successfully demurred to the complaint on the ground that section 803(g) constitutes an ex post facto law, prohibited by the federal and state Constitutions. The district attorney then moved, unsuccessfully, in superior court to reinstate the complaint. On the People's appeal to this court, we reversed the trial court's order pursuant to the Supreme Court's holding in *People v. Frazer* (1999) 21 Cal.4th 737 [88 Cal.Rptr.2d 312, 982 P.2d 180], that section 803(g) is not unconstitutional as an ex post facto law. (*People v. Stogner, supra,* A084772.)

The complaint was reinstated in superior court but subsequently dismissed on motion of the prosecutor because the prosecutor had obtained a grand jury indictment. That indictment, filed March 14, 2001, again charges petitioner with two counts of child molestation (§ 288, subd. (a)) on two separate victims, Jane Doe I and Jane Doe II, allegedly committed between 1955 and 1964 and between 1964 and 1973, respectively. Again the indictment alleges that the charges may be prosecuted pursuant to section 803(g).

Petitioner demurred to the indictment, asserting, inter alia, that section 805.5 bars application of section 803(g) to this case. Petitioner now seeks relief from the trial court's order overruling his demurrer and allowing the case to proceed to trial. We issued an alternative writ of mandate and stayed the pending trial date. By issuing an alternative writ of mandate, we "necessarily determined that there is no adequate remedy in the ordinary course of law and that [this] case is a proper one for the exercise of our original jurisdiction. [Citations.]" (*Westbrook v. Mihaly* (1970) 2 Cal.3d 765, 773 [87 Cal.Rptr. 839, 471 P.2d 487], judg. vacated on other grounds (1971) 403 U.S. 915 [91 S.Ct. 2224, 29 L.Ed.2d 692].)

DISCUSSION

I. *Statute of Limitations*

At the time the offenses were allegedly committed (from 1955 to 1973), the statute of limitations specified a three-year period for prosecution of

---

[2]Subdivision (f) of section 803, enacted in 1989, provides a one-year period for prosecution of child molestation charges following a report by a child. Section 803(g), in contrast, covers victims who have reached adulthood.

most felonies, including child molestation. (Former § 800, enacted by Stats. 1872; variously amended, as relevant here, from 1880 to 1972, repealed and replaced by § 800, Stats. 1984, ch. 1270, §§ 1, 2, p. 4335.) Consequently, under the law then in effect, prosecution of petitioner would have been barred after 1976.[3]

In 1984 the statutory scheme covering limitations periods (§ 799 et seq.) was repealed and replaced by a new statutory scheme, which increased the limitations period for some felonies. (Stats. 1984, ch. 1270, § 2, p. 4335 (the 1984 amendment).) The limitations period for child molestation, however, remained at six years from the date of commission. (§ 800.)

When the 1984 amendment was enacted, one of its provisions, former section 806, subdivision (c)(1), provided that the new law was not applicable to offenses for which prosecution was already time-barred. In 1986, former section 806, subdivision (c)(1), was amended and renumbered as section 805.5. (Stats. 1986, ch. 248, § 161, p. 1264.)[4] As the California Law Revision Commission explained, "Subdivision (c)(1) limits retroactive application that would have the effect of lengthening the statute of limitation to reflect the constitutional *ex post facto* prohibition where the statute of limitation has already run on the operative date." (Recommendation Relating to Statutes of Limitation for Felonies (Jan. 1984) 17 Cal. Law Revision Com. Rep. (1984) p. 324, italics in original.) Consequently, in the present case, because the previously set limitations period applicable to petitioner's offenses had expired in 1976 (or perhaps 1979), the statutory scheme adopted in 1984 would not have permitted prosecution of them.

Effective, January 1, 1994, section 803(g) extended the limitations period beyond six years for certain sexual offenses committed against minors so long as the prosecution commenced within one year following a report to

---

[3]Effective January 1, 1981, the limitations period for a violation of section 288 was extended to five years. (Stats. 1980, ch. 1307, § 2, p. 4422.) On January 1, 1982, it was extended to six years. (Stats. 1981, ch. 1017, § 1.5, p. 3926; Stats. 1982, ch. 583, § 1, p. 2544.) Under the case law existing at the time, the limitations period could not constitutionally be extended once the initial period had expired. (*Sobiek v. Superior Court* (1972) 28 Cal.App.3d 846, 849-850 [106 Cal.Rptr. 516], now disapproved by *People v. Frazer, supra,* 21 Cal.4th at p. 765.) Even if the extension had applied, of course, it would have been inconsequential; the limitations period would have expired as of 1979.

[4]Section 805.5 provides: "(a) As used in this section, 'operative date' means January 1, 1985. [¶] (b) Except as provided in subdivision (c), this chapter applies to an offense that was committed before, on, or after the operative date. [¶] (c) *This chapter does not apply, and the law applicable before the operative date does apply, to an offense that was committed before the operative date, if:* [¶] (1) *Prosecution for the offense would be barred on the operative date by the limitation of time applicable before the operative date.* [¶] (2) Prosecution for the offense was commenced before the operative date." (Italics added.)

law enforcement authorities by the victim. The crime must have involved "substantial sexual conduct," and the victim's allegation must be corroborated by independent evidence.[5]

In 1996, after several Court of Appeal decisions had declined to apply section 803(g) retroactively to cases where the applicable statute of limitations had already expired, the Legislature amended section 803(g) to declare that "[t]his subdivision applies to a cause of action arising *before, on, or after January 1, 1994,* the effective date of this subdivision, and if the complaint is filed within the time period specified in this subdivision, *it shall revive any cause of action barred by Section 800 or 801.*" (Stats. 1996, ch. 130, § 1 (the 1996 amendment) [Assem. Bill No. 2014, adding § 803(g)(3)(A)], italics added.)[6] As the Legislative Counsel's Digest explained, the 1996 amendment makes the one-year time limitation "apply to a cause of action arising before, on, or after the effective date . . . , thereby reviving and extending already expired statute of limitations periods." (Legis. Counsel's Dig., Assem. Bill No. 2014 (1995-1996 Reg. Sess.).) Thus, when the Legislature amended section 803(g) in 1996, it viewed the ex post facto issue far differently from the way it had in 1984, when the predecessor to section 805.5 was enacted: revival of an expired limitations period was not considered unconstitutional.

Section 803(g) was further amended in 1997, but the changes do not affect our analysis here. (Stats. 1997, ch. 29, § 1.) It bears noting, however, that the amendment left intact the language allowing criminal charges to be filed in cases that were time-barred before 1994. (See generally *People v. Frazer, supra,* 21 Cal.4th at pp. 747-749.)

---

[5]As originally enacted, section 803(g) provided in pertinent part: "Notwithstanding any other limitation of time described in this section, a criminal complaint may be filed within one year of the date of a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5. This subdivision shall apply only if both of the following occur: [¶] (1) The limitation period specified in Section 800 or 801 has expired. [¶] (2) the crime involved substantial sexual conduct . . . and there is independent evidence that clearly and convincingly corroborates the victim's allegation. . . ." (Stats. 1993, ch. 390, § 1, p. 2226.)

In 1996 the statute was amended to change, among other things, the opening phrase of section 803(g) so that it now reads: "Notwithstanding any other limitation of time described in this *chapter* . . . ." (Italics added.)

[6]Before the 1996 amendment to section 803(g), the Supreme Court had granted review in five cases on the issue whether section 803(g) applied when the limitations period had already run. (*People v. Maloy* (S049313); *People v. King* (S056411); *People v. Sowers* (S051278); *People v. Richard G.* (S047826); *People v. Regules* (S048880).) On April 24, 1997, the Supreme Court dismissed review in all those cases in light of the legislative amendment. (See *People v. Frazer, supra,* 21 Cal.4th at pp. 745-746, fns. 5, 6, & 8.)

The Attorney General's request for judicial notice of the orders dismissing review is unnecessary and accordingly denied.

The question before us is whether the Legislature's expressed intent to apply section 803(g) to offenses committed before January 1, 1994, and to "revive any cause of action barred by Section 800 or 801" operates to allow prosecution of petitioner for the offenses committed between 1955 and 1973. We conclude that it does.

We begin our analysis with *People v. Frazer*, in which the Supreme Court examined whether section 803(g) applies when the statute of limitations had expired before the effective date of section 803(g), January 1, 1994. In *Frazer*, the crimes were allegedly committed in 1984 and the statute of limitations had expired in 1990, but the parties did not dispute that section 803(g) applied. Nevertheless, the court discussed in some detail the application of the statute. We quote pertinent portions of the court's analysis: "At no point has section 803(g) restricted the amount of time that may pass between commission of the crime and commencement of the prosecution. . . . [¶] . . . [¶] [N]othing in section 803(g) provides that the crime must be committed, or that the limitations period in section 800 or 801 must expire, *after* January 1, 1994, in order for the extended one-year period to apply. The 1996 amendment left no doubt that section 803(g) applies even where the existing statute of limitations expired before January 1, 1994. [¶] . . . [¶] . . . [T]he Legislature was highly familiar with the various Court of Appeal opinions filed in 1995 and 1996 that declined to apply section 803(g) where 'the previously applicable statute of limitations had expired prior to January 1, 1994 (the effective date of Section 803(g)).' (Assem. Floor Analysis, Assem. Bill No. 2014 (1995-1996 Reg. Sess.) June 21, 1996, p. 1.) The legislative record identified these Court of Appeal decisions by name and original published citation, and summarized the statutory and constitutional analysis each used to reach this conclusion. (*Id.*, at pp. 1-2; Sen. Com. on Crim. Procedure, Analysis of Assem. Bill No. 2014 (1995-1996 Reg. Sess.) June 3, 1996, pp. 7-9.) [¶] According to the legislative record, the primary reason for amending section 803(g) in 1996 was to repudiate these Court of Appeal decisions insofar as they had construed the statute in such a restrictive manner. The 1996 amendment sought to 'clarify,' through express 'retroactivity' and 'revival' provisions, that section 803(g) permitted charges to be filed within one year of the victim's report, even where prosecution of the crime was otherwise time-barred before January 1, 1994. (Sen. Com. on Crim. Procedure, Analysis of Assem. Bill No. 2014 (1995-1996 Reg. Sess.) June 3, 1996, pp. 5-7; Sen. Floor Analysis, Assem. Bill No. 2014 (1995-1996 Reg. Sess.) June 3, 1996, pp. 2-4.) [¶] . . . [¶] Thus, consistent with allegations in the complaint, section 803(g) serves as an exception to section 800 in the present case." (*People v. Frazer, supra,* 21 Cal.4th at pp. 752-753, italics in original.)

The court then went on to consider the constitutionality of such a broad extension of the statute of limitations, and the court concluded that

section 803(g) is not an ex post facto law insofar as it applies to cases for which the statute of limitations had already expired. (*People v. Frazer, supra,* 21 Cal.4th at pp. 754-765.)

In the case before us, the statute of limitations had expired not only prior to the enactment of section 803(g) but even prior to the enactment of the entire chapter (ch. 2, tit. 3, pt. 2) of the Penal Code in which section 803(g) sits. Petitioner argues that section 803(g) cannot be applied to him because section 805.5, subdivision (c)(1), makes the entire chapter inapplicable to crimes for which the statute of limitations expired before January 1, 1985. We must decide whether, properly interpreted, section 803(g) is an exception to section 805.5 or governed by it.

In construing section 803(g), we are guided by familiar rules of statutory interpretation. ■ "The primary duty of a court when interpreting a statute is to give effect to the intent of the Legislature, so as to effectuate the purpose of the law. [Citation.] To determine intent, courts turn first to the words themselves, giving them their ordinary and generally accepted meaning. [Citation.] If the language permits more than one reasonable interpretation, the court then looks to extrinsic aids, such as the object to be achieved and the evil to be remedied by the statute, the legislative history, public policy, and the statutory scheme of which the statute is a part. [Citation.] . . . Ultimately, the court must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and it must avoid an interpretation leading to absurd consequences. [Citation.]" (*In re Luke W.* (2001) 88 Cal.App.4th 650, 655 [105 Cal.Rptr.2d 905].)

■ The opening phrase in section 803(g) seems designed to make it an exception to other provisions in the same chapter, including section 805.5: "Notwithstanding any other limitation of time described in this chapter . . . ." (§ 803(g)(1).) Petitioner, however, argues that the opening phrase of section 803(g) does not refer to section 805.5, because the latter does not describe a limitations period; it merely addresses the applicability and operative date of the chapter. We decline to make such a fine distinction. Section 805.5, subdivision (c)(1), states that, as to offenses for which prosecution is time-barred by the limitations periods applicable before January 1, 1985, the previous limitations periods apply. (See fn. 4, *ante.*) Section 803(g), in turn, sets a one-year-from-date-of-report limitations period, "notwithstanding any other limitation of time." On its face, then, section 803(g) creates an exception to other limitations periods, even those limitations periods referred to in section 805.5 that had expired before January 1, 1985.

Even if petitioner's interpretation of the initial clause in section 803(g) is reasonable, we believe that the Legislature intended to eliminate all constraints on the effect of section 803(g), except those contained in that

subdivision. Section 803(g) was obviously designed to preclude child molesters from escaping punishment merely because the molestation was revealed after the victim became an adult and after the limitations period had elapsed. Certainly the Legislature was aware that children who are the victims of sex crimes often cannot recognize or effectively assert their victimization until they have reached adulthood. Moreover, victims of sex crimes may be more likely to delay reporting because they are afraid of reprisals or fearful that they will not be believed. The legislative purpose behind section 803(g) was to prevent sex offenders from reaping the benefits of their victim's immaturity and psychological trauma, and the legislative history plainly indicates that section 803(g) was intended to create an exception to the statutes of limitations. (See, e.g., Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 290 (1993-1994 Reg. Sess.) Apr. 13, 1993, pp. 2-3; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 290 (1993-1994 Reg. Sess.) July 13, 1993, pp. 2-3.)

Furthermore, the 1996 amendment to section 803(g) was intended to maximize the impact of the statute by ensuring that the prosecution's ability to file charges is "revive[d]" regardless of the passage of time between the commission of the crime and the commencement of prosecution, as long as the charges are filed within one year of the victim's report. "Sex crimes committed against children are the most heinous of offenses. Unfortunately, many don't bring the crime to the attention [of] law enforcement until many years later, when the statute of limitations has already expired. Children become double victims—first victimized by the perpetrator and again by the judicial system. This measure will *guarantee* them their day in court." (Assem. Com. on Pub. Safety, Analysis of Assem. Bill. No. 2014 (1995-1996 Reg. Sess.) Apr. 9, 1996, p. 1 [according to the author], italics added.)

The Legislature intended to override the Court of Appeal decisions that had refused to apply section 803(g) retroactively to crimes for which the statute of limitations had expired. (*People v. Frazer, supra,* 21 Cal.4th at pp. 752-753.) There is no hint in the legislative history that less than complete retroactivity was intended, so long as charges were filed within one year of the victim's report. Yet petitioner's interpretation of sections 803(g) and 805.5 would accomplish a significant constraint. We reject it.

We recognize that in *Lynch v. Superior Court* (1995) 33 Cal.App.4th 1223, 1228 [39 Cal.Rptr.2d 414], disapproved on the ex post facto issue in *People v. Frazer, supra,* 21 Cal.4th at page 765, the court took a contrary view and concluded that section 805.5, subdivision (c)(1), makes section 803(g) inapplicable to crimes for which the statute of limitations had expired as of January 1, 1985. However, the court's discussion was cursory and did not

address the precise points presented in the briefing before us. Furthermore, as the Supreme Court noted in *Frazer,* the Legislature's primary reason for amending section 803(g) in 1996 was to repudiate certain Court of Appeal decisions that had declined to apply the statute retroactively. (*People v. Frazer, supra,* at p. 753.) Among those decisions identified by the Legislature was *Lynch v. Superior Court, supra,* 33 Cal.App.4th 1223, which was described as holding "that application of Section 803(g) . . . violated constitutional ex post facto principles, and is prohibited as a matter of statutory construction in light of Penal Code Section 805.5 . . . ." (Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 2014, *supra,* Apr. 9, 1996, p. 2.) The language of the 1996 amendment to section 803(g), added as a response to and a repudiation of *Lynch,* providing that the subdivision applies even to offenses committed before January 1, 1994, and that the subdivision "shall revive any cause of action barred by Section 800 or 801" (§ 803(g)(3)(A)), could not be more explicit in reflecting the Legislature's intent to override the existing limitations periods for those offenses for which prosecution is time-barred.

In light of the evident legislative purpose, we construe the beginning phrase of section 803(g)—"[n]otwithstanding any other limitation of time described in this chapter"—to reflect an intent to supersede section 805.5 insofar as it affects limitations periods. Although we are cognizant of the principle that statutes should be read in harmony with each other whenever possible, we cannot accept petitioner's argument that section 803(g) should be read as subordinate to section 805.5. In our view, section 803(g) creates an exception to section 805.5 and is not controlled by it.

Finally, interpreting the relationship between sections 803(g) and 805.5 as petitioner suggests would serve no apparent legislative purpose. As noted above, when originally enacted as part of a package of statutes, section 805.5 served the Legislature's goal of avoiding a conflict with the ex post facto clause by precluding prosecution of any offense for which the statutory period had run. With the enactment of section 803(g), however, the Legislature's goal changed, and section 805.5 played no role in the efforts to extend the limitations periods and revive molestation charges that would otherwise be time-barred.[7]

In any event, even under petitioner's view that section 805.5 governs the application of section 803(g), section 805.5 would not affect all prosecutions

---

[7]The operative date of section 805.5 is January 1, 1985. When enacted, section 805.5 applied to a chapter that did not include section 803(g). Given the specificity of section 805.5 regarding its operative date, we read it as applying to the chapter enacted in conjunction with it and not to subsequent legislation.

equally. Section 805.5 would bar prosecution of any molestation that was already time-barred as of January 1, 1985, i.e., one that was committed prior to January 1, 1979, more than six years before the chapter's operative date. But section 805.5 would have no effect on offenses committed after January 1, 1979; the charges would be revived by section 803(g). Thus, under petitioner's interpretation, a complaint filed in 1994, after section 803(g) took effect, could have properly charged an offense committed in 1979, a then 15-year-old offense, but not one committed in 1978.[8] A complaint filed in 2001 could likewise charge a molestation which occurred in 1979, now 22 years after the fact. In 2009, a 30-year-old offense could be prosecuted. Petitioner's interpretation of section 805.5 would impose a limitations period based simply on the date of the occurrence of the offense—a factor unrelated to the traditional reasons for limitations periods.

In crafting an appropriate length of a limitations period, the Legislature balances competing interests. On the one hand, a statute of limitations protects an accused from the consequences of charges grown stale with age: unreliable memories, dead or missing witnesses, and lost or contaminated physical evidence. (Recommendation Relating to Statutes of Limitation for Felonies (Jan. 1984) 17 Cal. Law Revision Com. Rep., *supra*, p. 308.) At the same time, the Legislature also considers the nature and seriousness of the offense.[9] Section 803(g) reflects a reasonable legislative concern for certain crimes where delayed reporting is common and serves to revive otherwise time-barred charges for a brief period after the victim's report is made. We can discern no logical reason why the Legislature would retain a limitations period based not on the age of the offense, but on its date of occurrence. We do not believe the Legislature intended this result, and we refuse to impose it.[10]

We recognize, of course, that the effect of our holding today is to make possible the prosecution of offenses reaching far back in time. We observe,

---

[8]This is true because a three-year statute of limitations applied to molestation offenses committed in 1978 and 1979. That period was lengthened to five years, effective January 1, 1981, and six years, effective January 1, 1982. (See fn. 3, *ante*.) The 1978 offense was, therefore, time-barred before the effective date of section 805.5, while the 1979 offense was not.

[9]Some offenses may be prosecuted at any time without regard to a limitations period. (§ 799.) Other offenses must be prosecuted within the prescribed limitations period, but the limitations period does not commence to run until the offense was discovered. (§ 803, subds. (c) & (e).)

[10]In light of our conclusion, we summarily reject petitioner's argument that section 803(g) revives only causes of action "barred by Section 800 or 801" and that this language must refer only to the version of sections 800 and 801 in effect when section 803(g) took effect (Jan. 1, 1994), not the version that had been repealed when the predecessor to section 805.5 took effect (Jan. 1, 1985). This argument presumes that section 805.5, subdivision (c)(1), controls, but we have rejected that premise. In any event, the language of section 803(g) upon which petitioner relies seems to have been included in the statute solely to clarify that the one-year-

however, that the express requirement in section 803(g) for a greater quantum of evidence provides some protection against the erosion of memories and evidence caused by the passage of time.

II.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The alternative writ is discharged, the stay is lifted, and the petition is denied.

Jones, P. J., and Stevens, J., concurred.

A petition for a rehearing was denied December 17, 2001, and petitioner's petition for review by the Supreme Court was denied February 27, 2002.

---

from-date-of-report limitations period extends the time for prosecution and does not cut short the longer periods provided in sections 800 and 801.

*See footnote, *ante*, page 1229.