[No. B150839. Second Dist., Div. Six. Sept. 25, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILLIP MICHAEL MAGUIRE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

**COUNSEL**

Raymond L. Girard, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COFFEE, J.**—Appellant Phillip Michael Maguire was sentenced to a six-year prison term after a jury convicted him of committing a lewd act on Wendy S., a child under 14 years of age. (Pen. Code, § 288, subd. (a).)[1] The case was prosecuted under the extended statute of limitations established by section 803, subdivision (g). Appellant raises several challenges to the constitutionality of the extended limitations period, its applicability to his case, and the admission of uncharged sexual offenses to prove criminal propensity. We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

## FACTS

Wendy S. was born in 1980. When she was about six years old, her mother, Linda R., began dating appellant. During their relationship, appellant often stayed the night at Linda's condominium in Santa Barbara.

Wendy sometimes had nightmares and would come into her mother's bedroom in the middle of the night to be comforted. When Linda would get up in the morning to get ready for work, appellant would remain in bed and pull Wendy toward him in a "spooning" position. Once he held her by the shoulders and rubbed his penis against her backside until he ejaculated. Appellant also touched Wendy's vaginal and chest area several times when they were in the swimming pool together. Wendy did not initially tell anyone that appellant had molested her, and in 1990, she and Linda moved to Texas to live with Wendy's father.

Appellant began sharing a home with Dana C. and her two young daughters, Ciarra G. and Lindsay W. He started molesting Ciarra when she was eight years old, and continued doing so until he moved out in late 1992. Ciarra then told her mother that appellant had molested her. They contacted the police and felony charges were filed against appellant. Appellant eventually pled guilty to the continuous sexual abuse of a minor under section 288.5, and was placed on five years' probation. Several years later, in 1997, Lindsay told her mother that appellant had molested her as well.

In the meantime, Wendy and her mother had moved back to Santa Barbara. With his probation officer's permission, appellant moved in with Linda and resumed their relationship. When Wendy learned that appellant was moving in, she told Linda that appellant had touched in a way that made her uncomfortable. Linda seemed shocked but did not appear to believe her. Appellant lived with Linda and Wendy until 1993, and no further molestations occurred.

When she was 16 years old, Wendy began counseling sessions with Debra Manchester, a licensed clinical social worker. During their first session on May 16, 1997, Wendy disclosed that appellant had molested her, and in a joint session with Linda, Wendy stated that appellant's penis had touched her body. Manchester mailed a report of sexual abuse to child protective services (CPS) as required by law, but the social workers from CPS were unable to locate any record showing that Manchester's report was ever received. Because Manchester's report did not reach CPS, or was lost after reaching CPS, no further investigation was conducted at that time. Shortly afterwards, Wendy moved to Texas to stay with her father. She told him about the molestation and began counseling sessions there.

Despite Wendy's disclosures, Linda hired appellant to work for her at a gymnasium she owned. Wendy returned to Santa Barbara and in January of 1999, saw appellant at the gym. She walked up to him in Linda's presence and said that she wanted him to apologize for molesting her as a child. Appellant turned pale and repeatedly said he was sorry for anything he ever did to her. Wendy and her mother went out for coffee shortly afterwards and Wendy described in detail for the first time what appellant had done. This time Linda was willing to listen and on February 16, 1999, she contacted the sheriff's department.

The investigating detective arranged for Wendy to make a recorded telephone call to appellant. Throughout their conversation, Wendy accused appellant of molesting her and he repeatedly said he was sorry. She also accused him of anally penetrating her (which she acknowledges he did not do). He denied that particular conduct.

Appellant testified and denied that he ever molested Wendy. He explained that while he was dating Linda, Wendy had come into their bed several times, sometimes when they were having or preparing to have sex. He remembered that Wendy had inadvertently rubbed against him when he was naked, conduct which he asked Linda to stop. Wendy had also seen him naked when she came into the bathroom while he was showering with Linda. When asked why he had apologized to Wendy during the recorded telephone call if he had not molested her, he explained that he was trying to counsel her and support her.

Appellant also denied molesting Ciarra and Lindsay. He claimed that he pled guilty to molesting Ciarra because he was facing a substantial prison sentence and a trial would have cost him several thousand dollars. When his attorney told him he could get probation and would only have to pay $2,500 for the legal services required to negotiate a plea, appellant decided to take the deal.

DISCUSSION

### *Applicable Statute of Limitations*

■ The charged act of lewd conduct against Wendy was committed sometime before December 31, 1989. This action was commenced in 1999, almost 10 years later. Appellant argues that the court applied the wrong statute of limitations to this case, and that his lewd conduct conviction under section 288, subdivision (a) must be reversed as time-barred. We disagree.

Ordinarily, the statute of limitations for a violation of section 288, subdivision (a) is six years under section 800. Section 803, subdivision (g) allows

the prosecution to file an action after the expiration of the six-year statute when: (1) a victim of any age reports to a California law enforcement agency a violation that occurred while the victim was under age 18; (2) the crime involves "substantial sexual conduct"; (3) independent evidence clearly and convincingly corroborates the victim's allegation; and (4) the criminal complaint is filed within one year of the date the report was made to law enforcement. (§ 803, subd. (g)(1), (2)(A) & (B).)

Section 803, subdivision (f) sets forth a second exception to the six-year statute of limitations, and permits the filing of a section 288, subdivision (a) charge after the expiration of the six-year period if: (1) a victim who is under age 18 makes a report to a responsible adult or agency; (2) the defendant "has committed at least one violation of Section 261, 286, 288, 288a, 288.5, 289, or 289.5 against the same victim within the limitation period specified for that crime in either Section 800 or 801"; and (3) a criminal complaint is filed within one year of the date the report was made to the responsible adult or agency. (§ 803, subd. (f)(1), (2)(A) & (B).)

Like section 803, subdivision (g), the limitations period in subdivision (f) extends the time for prosecuting certain sexual offenses committed against minors. Unlike section 803, subdivision (g), the limitations period of subdivision (f) is triggered by a report to a responsible adult or agency, rather than to law enforcement. In some cases, a victim might make separate reports to a responsible adult or agency *and* to law enforcement, potentially triggering both limitations periods. That is what happened here.

Wendy reported the molestation to counselor Debra Manchester, a responsible adult under section 803, subdivision (f), in 1997. In 1999, Wendy reported the molestation directly to law enforcement as required by section 803, subdivision (g). This action was filed within a year of Wendy's report to law enforcement in 1999, and as such, it was timely under section 803, subdivision (g) if the other criteria for that extended limitations period were met.

Appellant contends that notwithstanding section 803, subdivision (g), this action was untimely because it was not filed within one year of her 1997 report to her counselor, as required by section 803, subdivision (f). He argues that because Manchester was a responsible adult within the meaning of section 803, subdivision (f), that limitations period was triggered and the section 288 charge had to be brought within one year of that report to be timely. Appellant contends the failure to commence an action under section 803, subdivision (f), when it would be possible to do so, prevents the

prosecution from later bringing the action, even if it would otherwise be timely under the provisions of subdivision (g).[2]

This argument assumes that the extended limitations period of section 803, subdivision (g) is trumped whenever the application of section 803, subdivision (f) would require filing an action at an earlier date. Nothing in the statutory language supports this conclusion. Section 803, subdivision (g)(1) applies *"Notwithstanding any other limitation of time described in this chapter . . . ."* (Italics added.) Section 803, subdivision (f) is a "limitation of time described in this chapter . . . ." If an action is timely under section 803, subdivision (g), it does not matter that it would be untimely under section 803, subdivision (f).

The plain language of the statute shows that section 803, subdivision (g) applies whenever its requirements have been established, even if the action would otherwise be time-barred under other provisions of the law. (See *Stogner v. Superior Court* (2001) 93 Cal.App.4th 1229, 1236-1237 [114 Cal.Rptr.2d 37]; *People v. Zandrino* (2002) 100 Cal.App.4th 74, 78-82 [121 Cal.Rptr.2d 879] [limitations period of § 803, subd. (g) applied notwithstanding § 805.5, which barred prosecutions for certain pre-1986 crimes], petn. for review filed Sept. 3, 2002, S109529.) This result is also consistent with the Legislature's intent. Section 803, subdivision (g) was designed to "prevent sex offenders from reaping the benefits of their victim's immaturity and psychological trauma . . . ." (*Stogner*, at p. 1237.) A 1996 amendment to section 803, subdivision (g) made its provisions fully retroactive and "was intended to maximize the impact of the statute by ensuring that the prosecution's ability to file charges is 'revive[d]' regardless of the passage of time between the commission of the crime and the commencement of the prosecution, as long as the charges are filed within one year of the victim's report." (*Stogner,* at p. 1237.)

Additionally, it does not appear that this was a case that could have been filed under section 803, subdivision (f). The limitations period of section 803, subdivision (f) applies only when "[t]he defendant has committed at least one violation of Section . . . 288 . . . against the same victim within the limitation period specified for that crime in either Section 800 or 801." (§ 803, subd. (f)(2)(B); see generally *People v. Garcia* (1995) 33 Cal.App.4th 1119, 1125-1128 [40 Cal.Rptr.2d 12].) There was no allegation

---

[2]The information alleged that this action was timely under section 803, subdivision (g), and the jury found true that all the criteria necessary for that statute to apply. The prosecution never alleged or otherwise relied on the extended limitations period set forth in section 803, subdivision (f). The defense argued the applicability of section 803, subdivision (f) in a pretrial motion to dismiss, but the trial court never ruled on the issue of whether subdivision (f) took precedence over subdivision (g).

or evidence that appellant committed sexual offenses against Wendy after December 31, 1989. When Wendy made her report to Debra Manchester more than seven years later, in 1997, the limitations periods under sections 800 and 801 had already expired.

[[/]]*

The judgment is affirmed.

Gilbert, P. J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 18, 2002.

---

*See footnote, *ante*, page 396.